## Davis *v.* Miller, Appellant.

Argued May 22, 1956. Before STERN, C. J., JONES, BELL, CHIDSEY and ARNOLD, JJ.

*F. Brewster Wickersham*, with him *Richard B. Wickersham* and *Metzger, Wickersham & Knauss*, for appellant.

*Martin H. Lock*, with him *Huette F. Dowling, Thomas H. Lane* and *Dowling, Lock & Saye*, for appellees.

OPINION BY MR. CHIEF JUSTICE HORACE STERN, June 25, 1956:

The question is whether the additional defendant in this case was entitled to be eliminated therefrom before it was determined by a jury trial whether she was a joint tortfeasor with the original defendant.

The three plaintiffs were passengers in an automobile driven by Mary A. Richardson. A collision occurred between her car and an automobile operated by defendant, Amos T. Miller. They instituted this action of trespass against Miller, alleging that the accident was caused by his negligence. Miller filed a complaint joining Mary Richardson as additional defendant, alleging that the collision was due to her negligence and that therefore the jury might find her either alone liable or jointly liable with him. Subsequent pleadings revealed that Mary Richardson had obtained from Miller a general release of all claims he might have against her and that she had also obtained releases of liability from the three plaintiffs. In view of such releases she filed a motion for judgment on the pleadings. The court sustained the motion and entered judgment in her favor, thereby discharging her from the case. Miller, the original defendant, appeals from that judgment.

It is appellant's contention that notwithstanding the releases held by the additional defendant she should be retained in the case until a jury can determine whether or not she was a joint tortfeasor. He points to *Maio,*

*Executrix v. Fahs,* 339 Pa. 180, 14 A. 2d 105, where it was held that, although the additional defendant was the plaintiff's employer and therefore not liable to him for damages in a trespass action, he nevertheless should be retained in the case in order to protect defendant's right of contribution. Also to *Rau v. Manko,* 341 Pa. 17, 17 A. 2d 422, which held that the additional defendant should be kept in the case for the same purpose, even though plaintiff could not recover against him because of failure to file a supplementary statement of claim. Also to *Shaull v. A. S. Beck New York Shoe Company, Inc.,* 369 Pa. 112, 85 A. 2d 698, where this same ruling was made under facts similar to those in the *Maio* case. Also to *Fisher v. Diehl,* 156 Pa. Superior Ct. 476, 40 A. 2d 912, which held that the husband of the wife-plaintiff could be joined as an additional defendant even though she could not recover from him, and that he should be retained in the case so as to be available to the defendant by way of contribution. None of these cases, however, is in point, because in none of them had the defendant given a release to the additional defendant.

Mary Richardson, the additional defendant, contends that, since she has been released from liability to all the plaintiffs and to defendant and therefore there is nobody who can recover from her, there is no reason why she should be forced to continue in the case. She relies on the decision in *Killian v. Catanese,* 375 Pa. 593, 101 A. 2d 379, where the defendant had given a general release of all claims against the additional defendant, and it was held, therefore, that he could not assert any right of contribution against him, and accordingly that the additional defendant was entitled to judgment on the pleadings. Here the general release given by Miller to Mary Richardson was couched in practically the same language as that in the *Killian*

case. He released her of and from all actions, causes of action, claims, demands, etc., which "I now have, or may hereafter have, on account of, or arising out of any matter or thing which has happened . . . before the signing of this release, and particularly . . . because of the accident . . . which occurred on or about the 1st day of Sept., 1952, at or near the Intersection of Rt. 230 & 230 By Pass, Highspire, Pa." By such broad terms he clearly surrendered any claim he might have had to recover from the additional defendant by way of contribution or otherwise.

These various considerations bring us to the controlling question in the case,—one which did not appear in the *Killian* case because there no release had been given by plaintiff to the additional defendant. The "Uniform Contribution Among Tortfeasors Act" of July 19, 1951, P. L. 1130, provides that "A release by the injured person of one joint tortfeasor does not relieve him from liability to make contribution to another tortfeasor, unless the release . . . provides for a reduction to the extent of the pro rata share of the released tortfeasor of the injured person's damages recoverable against all the other tortfeasors." All the releases from the plaintiffs to the additional defendant were given in pursuance of that Act, and they each provided "That any damages, recoverable by the Undersigned, against or from all the other joint tortfeasors, shall be reduced to the extent of the pro rata share of said damages which the parties released hereby, except for this release, would otherwise have to pay." It is therefore clear that an important factor in the determination of the amount of damages that Miller may be required to pay to plaintiffs is whether or not Mary Richardson would also have been liable to them had they not released her,—in other words, whether she was a joint tortfeasor with Miller. If such she was, then, under the

Act and the terms of the releases which plaintiffs gave her, they can recover from Miller only his pro rata share, in this case half, of the amount to which they otherwise would have been entitled; if, on the other hand, she was not a joint tortfeasor, the releases given her by plaintiffs would not inure to Miller's benefit: *Koller v. Pennsylvania Railroad Company*, 351 Pa. 60, 40 A. 2d 89. Therefore, although Miller cannot recover contribution from the additional defendant, he does have an extremely valuable right in retaining her in the case, because, if the jury should find her to be a joint tortfeasor, his liability to plaintiffs would be cut in half. Her continuance in the case is therefore necessary, even though no recovery can be had against her either by plaintiffs or by defendant, in order to determine the amount of damages that defendant may be obliged to pay plaintiffs in the light of the situation created by their releases of the additional defendant's liability.

The judgment is reversed and the record remanded with a procedendo.

Mr. Justice Bell dissents.