### Devine v. Petrov

*James C. Bowen,* for plaintiffs.
*Achey & Power,* for defendant.
*Eastburn & Grey,* for additional defendant.

RUBIN, J., September 6, 1957.—Thomas Devine, the minor son of John J. Devine, was driving his father's automobile in which his brother, James Devine, a minor, was a passenger and became involved in a collision with an automobile driven by Ethel M. Petrov. The father in his own right and as guardian of his two minor sons, filed a complaint in trespass against defendant on January 22, 1953, and an amended complaint on April 6, 1953, wherein the two minors claimed

damages for personal injuries, and John Devine, the father, claimed for the minors' medical expenses and the loss of the minors' earnings as well as property damage to his automobile arising out of the said collision. Thereafter on October 5, 1953, defendant severed Thomas Devine as a party plaintiff, joined him as an additional defendant and filed her complaint against him. On January 25, 1957, the additional defendant filed an answer to defendant's complaint and under new matter pleaded a written release executed on April 29, 1954, by defendant Ethel M. Petrov and her husband Dimitri Petrov. A photostatic copy of the release was attached to the answer as an exhibit. Original defendant's reply to new matter filed on March 18, 1957, admitted the execution of the release but denied that it had the legal effect claimed by the additional defendant. The additional defendant then moved for judgment in his favor on the pleadings which motion is now before the court for determination.

The release reads in pertinent part as follows:

"We . . . do hereby . . . release and forever discharge Thomas Devine, John J. Devine and any other persons . . . from any and all claims, demands, damages, costs, expenses, loss of services, actions or causes of action arising from any act or occurrence up to the present time, and particularly on account of all personal injury, disability, property damage, loss or damage of any kind sustained or that we may hereafter sustain in consequence of an accident that occurred . . . at or near New Hope, Penna.

"To procure the payment of the said sum we hereby declare: . . . that in determining said sum there has been taken into consideration not only the ascertained injuries, disabilities and damages, but also the possibility that the injuries sustained may be permanent and progressive and recovery therefrom uncertain and

indefinite, so that consequences not now anticipated may result from the said accident.

"The undersigned agrees as a further consideration and inducement for this compromise settlement, that it shall apply to all unknown and unanticipated injuries and damages resulting from said accident, casualty or event, as well as to those now disclosed . . ."

In support of his motion for judgment, the additional defendant relies upon the case of Killian v. Catanese, 375 Pa. 593,* where the original defendants had given a release of all liability arising out of the accident to the additional defendant and it was held that the original defendants had clearly surrendered any claim they might have had to recover from the additional defendant by way of contribution or otherwise. The language of other releases has been held to have the same legal effect in Radice v. Troutman, 67 Dauph. 341; Pahakis v. Meek, 36 Wash. Co. 204; Clifford v. Hilliard, 104 Pitts. L. J. 280.

The original defendant contends that under a proper interpretation of the language of the release in the instant case she released only her own right to proceed against the additional defendant Thomas Devine for damages sustained by her as a result of the accident and that she is not precluded from joining him as an additional defendant to answer for the injuries or damages sustained by others in the accident.

We turn, therefore, to the release to determine its legal effect. As is the case with all written agreements, the release must be construed so as to carry out the in-

---

* Notwithstanding that Justice Jones, now Chief Justice Jones, in McGee v. Singley, 382 Pa. 18, 22, points out that the appeal in Killian v. Catanese, supra, was inadvertently entertained by the Supreme Court because it was from an interlocutory order, the Killian case was cited with approval in Davis v. Miller, 385 Pa. 348, 350.

tention of the parties. As a general rule, a release ordinarily covers only such matters as may be fairly said to have been within the contemplation of the parties when it was given: Bell Tel. Co. v. B. & O., 155 Pa. Superior Ct. 286; Cockcroft v. Metropolitan Life Insurance Co., 125 Pa. Superior Ct. 293; Driscoll v. Bucks County Construction Co., 3 Bucks 67. Further, the words used in a release can never be extended beyond the express consideration mentioned, nor operate as a release of a liability the parties did not intend: Rapp v. Rapp, 6 Pa. 45; Zurich General Accident and Life Insurance Co. v. Klein, 181 Pa. Superior Ct. 48, 56.

We do not agree that the language of the release under consideration is as broad as that in the Killian case, supra. In that case the additional defendant was released "of and from all, and all manner of, actions and causes of action, suits, debts, dues, book accounts . . . . . claims and demands whatsoever in law or in equity by reason of any cause, matter or thing whatsoever."

In addition there was inserted into the space provided for such writing the specific statement that it was the intention of the original defendants to release the additional defendant from "the liability arising out of the accident." From the foregoing language Judge Edwin O. Lewis, of the Court of Common Pleas of Philadelphia County, concluded that the release given by the original defendants to the additional defendant was a complete discharge of any and all liability and as such barred the joinder of the additional defendant by the original defendant. He further concluded that the release was not limited in scope to claims and demands of the original defendants. The Supreme Court affirmed the decision of Judge Lewis in a per curiam opinion.

In the instant case, the additional defendant is released "from any and all claims, demands ... action and causes of action arising from any act or occurrence up to the present time and particularly on account of all personal injury, disability, property damage, loss or damages of any kind sustained or that we may hereafter sustain in consequence of an accident that occurred ... at or near New Hope, Penna."

We have considered this release from its four corners, in light of the principles of construction heretofore discussed, and have no difficulty in concluding, although the general words are most broad and comprehensive, that it manifestly appears to be the intention of the parties to limit the operation thereof to the right of the original defendant to proceed against the additional defendant for personal injuries and damages to her property arising out of the accident. See Derby v. Matushonek, 80 D. & C. 272; Ebaugh v. Lefever, 103 Pitts. L. J. 387; and Bogumil v. Kanig, 7 D. & C. 2d 543. This conclusion is not weakened by the fact that, notwithstanding Thomas Devine was already an additional defendant of record when he obtained the release, no express mention is made therein of any intention to release him from his liability as such defendant, and no provision is made either expressly or by implication for his removal as an additional defendant of record by discontinuance or otherwise. We are of the opinion that the release is ineffectual to bar defendants' complaint against the additional defendant and that the motion of the additional defendant for judgment must be denied.

### Order

And now, September 6, 1957, the motion of Thomas Devine, the additional defendant, for judgment on the pleadings is overruled and denied.