## Dice v. Marsolino

*Samuel J. Feigus*, for plaintiffs.
*Thomas A. Waggoner, Jr.*, for defendants.

CARR, P. J., March 7, 1958.—The question here raised is whether, in an action of trespass for personal injuries brought against two defendants as being jointly liable, the court should grant plaintiffs leave to enter a discontinuance as to one of defendants who, after the commencement of the action, was released pursuant to the Uniform Contribution Among Tortfeasors Act of July 19, 1951, P. L. 1130, 12 PS §2082 et seq.

Plaintiffs are Ruth E. Dice and Chauncey W. Dice, her husband, and defendants Anthony J. Marsolino, trading as Marsolino Construction Company, and

Hazel Rankin. It appears from the complaint that on November 2, 1955, at 6:30 p.m., Mrs. Dice was riding as a guest passenger in an automobile operated by Miss Rankin north on Route 119 in North Union Township in this county, and that at a point near Garner's Dairy Farm, where the highway was being reconstructed by Marsolino, Miss Rankin drove into a large hole that he had left without warning lights or barriers of any kind, with the result that the car plunged off the highway and Mrs. Dice was injured. Suit was entered against defendants on October 30, 1957. Shortly thereafter Miss Rankin settled her liability to plaintiffs for $1,200 upon a joint tortfeasor's release, and they now ask leave under Pa. R. C. P. 229 to discontinue the action against her.

Marsolino, however, objects to the elimination of Miss Rankin from the record. He protests that he is entitled to have her retained in the case until a jury can determine whether she was a joint tortfeasor because, if it should so find, his liability to plaintiffs would, under the Uniform Contribution Among Tortfeasors Act and the terms of the release that plaintiffs gave her, be cut in half. In our opinion, his position is sound; his right to have the question determined by the jury in the pending action is a valuable one which the court cannot justly deny: Davis v. Miller, 385 Pa. 348.

Plaintiffs argue that their discontinuance of the action against Miss Rankin would not prevent Marsolino himself from bringing her in as an additional defendant if he chose to do so. But in that view of the case it would obviously be idle for the court to approve a discontinuance that could not stand. Its only effect would be to add to his procedural burdens and subject him to unnecessary delay and expense.

### Order

And now, March 7, 1958, plaintiffs' petition for leave to enter a discontinuance as to defendant Hazel Rankin is denied and dismissed.