Siegrist, Koller & Siegrist, Lebanon, Pa., for plaintiffs.

Metzger, Wickersham & Knauss, Harrisburg, Pa., for defendant and third-party plaintiff.

James W. Evans, Harrisburg, Pa., for third-party defendant.

**Edith FOLLETT and Frank R. Follett, as next friend and guardian of David Follett, a minor, Plaintiffs,**

v.

**Edith C. PETERSON, Defendant and Third-Party Plaintiff (Frank R. Follett, Third-Party Defendant).**

**Civ. A. No. 6101.**

United States District Court
M. D. Pennsylvania.
March 25, 1959.

FOLLMER, District Judge.

Under date of April 18, 1958, this Court refused motion of third-party defendant, Frank R. Follett, for summary judgment on the authority of Davis v. Miller, 385 Pa. 348, 123 A.2d 422. I am now convinced that in so ruling the Court was in error.

This case stems from an automobile collision in Lebanon County, Pennsylvania, on October 29, 1955. David Follett, one of the plaintiffs, was a passenger in the front seat of an automobile owned and operated by Frank R. Follett, and Edith Follett, one of the plaintiffs, was a passenger riding in the rear seat of the said car, when the Follett car collided with car owned and operated by defendant, Edith C. Peterson. The Folletts were citizens of New York and Peterson was a citizen of Pennsylvania. On motion of defendant Peterson a severance was granted and Frank R. Follett was brought in the case as a third-party defendant in the action instituted by Edith Follett and Frank R. Follett as next friend and guardian of David Follett, a minor.

The third-party defendant in answering third-party complaint set up as an

affirmative defense that defendant and third-party plaintiff, Peterson, had released and discharged the third-party defendant from all claims, demands, etc., and attached to his answer a copy of the said release.

On the theory that the said release is a general release and a complete bar to all claims and demands of any kind which the defendant-third party plaintiff had or might in the future have by reason of the said automobile collision of October 29, 1955, including the right of contribution from third-party defendant, third-party defendant moved for summary judgment. This motion, as above indicated, was refused after which third-party defendant moved, pursuant to Fed.Rules Civ.Proc. Rule 56, 28 U.S. C.A., for partial summary judgment that defendant and third-party plaintiff is barred from any contribution from third-party defendant in this action but that third-party defendant shall remain a party of record only until such time and for the sole purpose of determining the amount of damages, if any, that defendant and third-party plaintiff may be obliged to pay to plaintiffs.

In Killian v. Catanese, 1954, 375 Pa. 593, 101 A.2d 379, the facts were very similar to those in the instant case. There the additional or third-party defendant in his answer set up a release from defendant-third-party plaintiff to the additional third-party defendant. The trial court, noting that the release specifically covered "the liability arising out of the accident," held that the release was a broad general release and was a complete discharge of any and all liability and as such barred the original defendants-third-party plaintiffs from bringing in the additional third-party defendant, that the very language employed by the parties indicated a clear intention to release additional third-party defendant from all liability arising out of the involved accident. The Supreme Court affirmed in a per curiam opinion.

In Davis v. Miller, 1956, 385 Pa. 348, 123 A.2d 422, again the facts were very similar to those in the instant case.

There, as in the Killian case, the additional third-party defendant obtained a general release from original defendant-third-party plaintiff of all claims he might have against her. However, there was in the Davis case this additional factor over the Killian case and the instant case, the additional third-party defendant had also obtained releases of liability from the three plaintiffs. In the Davis case, after considering the effect of the general release from original defendant to additional third-party defendant in the light of the Killian case, the court said:

"These various considerations bring us to the controlling question in the case,—one which did not appear in the Killian case because there no release had been given by plaintiff to the additional defendant. The 'Uniform Contribution Among Tortfeasors Act' of July 19, 1951, P.L. 1130, 12 P.S. § 2086, provides that 'A release by the injured person of one joint tortfeasor does not relieve him from liability to make contribution to another tortfeasor, unless the release * * * provides for a reduction to the extent of the pro rata share of the released tortfeasor of the injured person's damages recoverable against all the other tortfeasors.' All the releases from the plaintiffs to the additional defendant were given in pursuance of that Act, and they each provided 'That any damages, recoverable by the Undersigned, against or from all the other joint tortfeasors, shall be reduced to the extent of the pro rata share of said damages which the parties released hereby, except for this release, would otherwise have to pay.' It is therefore clear that an important factor in the determination of the amount of damages that Miller may be required to pay to plaintiffs is whether or not Mary Richardson would also have been liable to them had they not released her,—in other words, whether she was a joint tortfeasor with Miller.

If such she was, then, under the Act and the terms of the releases which plaintiffs gave her, they can recover from Miller only his pro rata share, in this case half, of the amount to which they otherwise would have been entitled; if, on the other hand, she was not a joint tortfeasor, the releases given her by plaintiffs would not inure to Miller's benefit. Koller v. Pennsylvania Railroad Co., 351 Pa. 60, 40 A.2d 89. Therefore, although Miller cannot recover contribution from the additional defendant, he does have an extremely valuable right in retaining her in the case, because, if the jury should find her to be a joint tortfeasor, his liability to plaintiffs would be cut in half. Her continuance in the case is therefore necessary, even though no recovery can be had against her either by plaintiffs or by defendant, in order to determine the amount of damages that defendant may be obliged to pay plaintiffs in the light of the situation created by their releases of the additional defendant's liability."[1]

In support of her opposition to third-party defendant's motion for summary judgment, and to assist in determining the status of the release, original defendant-third-party plaintiff filed of record an affidavit pursuant to Rule 56(c), Federal Rules of Civil Procedure. The affidavit sets forth that original defendant is 66 years of age and was represented by her attorney, Calvin Spitler, Esq.; that "The consideration for this release was $2,250.00 which was to pay me for injuries I sustained in an accident caused by Frank Follett * * * on October 29, 1955"; a list of her injuries including loss of wages and attorney's fee totalling $2,080.79; that she had been put on written notice that claims were made against her charging her with responsibility for the injuries and damages sustained by all of the parties to the accident.[2]

There is no contention that the release was obtained by fraud, accident or mistake. On the contrary, even though she thought the accident was the fault of third-party defendant, Follett, she was fully advised that all persons involved intended to hold her responsible. Presumably, after thus being fully informed, and after due discussion and deliberation, she executed and delivered the broad general release to third-party defendant, Follett, her attorney signing as a witness to her signature.

For the reasons stated, it is apparent that the facts of this case are clearly distinguishable from those in Davis v. Miller, supra. In the latter case there were, in addition to the release from defendant-third-party plaintiff to third-party defendant, the releases from plaintiffs to third-party defendant, in pursuance of the "Uniform Contribution Among Tortfeasors Act" of July 19, 1951, P.L. 1130, 12 P.S. § 2086. Such releases from plaintiffs to third-party defendant were absent in the instant case, as they were absent in the Killian case. The latter case controls.

An order will be entered vacating and setting aside the order of this Court of April 18, 1958, refusing motion of third-party defendant for summary judgment, and entering in place thereof a new order granting said motion for summary judgment.

---

1. Brown v. Hertzler, 1957, 13 Pa.Dist. & Co.R.2d 50.

2. The instant case is a companion case to that of Raleigh v. Peterson v. Follett, wherein there is presently remaining and pending a counterclaim by third-party defendant against defendant-third party plaintiff. All other claims and contentions in said case having been disposed of by opinion and order of this Court dated July 31, 1958, 165 F.Supp. 47, sustaining defendant's motion to dismiss plaintiffs' claim for the reason that the plaintiffs, the Raleighs, had in New York, after trial, secured verdicts against Follett, upon which verdicts judgments were entered, paid and marked satisfied on the record.