Esther M. BUCKLEY, Mary A. Buckley, Michael F. Buckley, Mary Ann Buckley, by her father and next friend, Francis E. Buckley,

and

Francis E. Buckley

v.

Wallace E. BASFORD.

Civ. No. 1187.

United States District Court
D. Maine, N. D.

June 30, 1960.

Gerald E. Rudman, Malcolm S. Stevenson, Bangor, Me., for plaintiff Esther M.

Buckley solely in opposition to the counterclaim asserted in the defendant's amended answer.

Arnold L. Veague, Bangor, Me., for defendant.

GIGNOUX, District Judge.

This is a diversity action to recover damages for personal injuries and property damage sustained by plaintiffs as the result of a collision which occurred on July 28, 1958, in Northport, Maine, between an automobile owned by plaintiff Michael F. Buckley and driven by plaintiff Esther M. Buckley, in which all the plaintiffs were riding, and a truck owned and operated by defendant. By amendment to his answer, defendant has asserted a counterclaim against plaintiff Esther M. Buckley, in which he alleges negligence in her operation of the automobile and seeks contribution from her of one-half of the amount of any damages for which he may be found liable to the other plaintiffs. By answer to the counterclaim, plaintiff Esther M. Buckley denies her negligence and affirmatively seeks dismissal of the counterclaim on the ground that defendant's claim for contribution is barred by a release of Esther M. Buckley and Michael F. Buckley executed by defendant and his wife on August 6, 1958. At the pre-trial conference the parties agreed that the issue as to the effect of the release be determined by the Court, before trial, on the basis of the pleadings and a stipulation of facts to be filed by the parties setting forth the circumstances surrounding the execution of the release.

The release, a copy of which is attached to the answer to the counterclaim, is on a printed form entitled "Release Of All Claims." It recites, in pertinent part, that in consideration of payment of the sum of $123.27, defendant and his wife release and discharge plaintiff Esther M. Buckley and her husband, Michael F. Buckley, and all other persons, firms and corporations "of and from any and all actions, causes of action, claims or demands for damages, costs, loss of use, loss of services, expenses, compensation, consequential damage, or any other thing whatsoever on account of, or in any way growing out of, any and all known and unknown personal injuries and death and property damage resulting or to result from" the accident here involved, and that the releasors in executing the release acknowledge and assume "all risk, chance or hazard that the said injuries or damage may be or become permanent, progressive, greater, or more extensive than is now known, anticipated or expected." The release also contains the customary provisions that the release contains the entire agreement between the parties, that the payment is in compromise of a disputed claim and not an admission of liability, and that the releasors have read the release, know its contents, and have signed it as their own free act.

The stipulation of facts recites that at the time of the accident defendant was fifty-eight years of age; his wife was sixty-four years of age; and defendant was employed as a shovel operator by a sand and gravel company in Belfast, Maine. The stipulation further recites that defendant and his wife sustained minor property damage and personal injuries, but no loss of wages, as a result of the accident, and that the consideration of $123.27 paid for the release was in the exact amount of the actual out-of-pocket expenses incurred by them. It is also stipulated that no pressure was exerted on defendant or his wife to obtain the release; that plaintiff's representative requested them to read the release before signing it; and that defendant believed "that as long as he was paid his actual out-of-pocket expenses that was all he was entitled to."

Plaintiff Esther M. Buckley contends that the release which defendant and his wife executed constitutes a complete bar to the claim for contribution asserted in the counterclaim. Her position is that the unqualified language employed in the release indicates a clear intention to release all claims and demands of any kind which defendant and his wife had, or might in the future have, by

reason of the accident, including any claim for contribution arising from defendant's liability for damages sustained by other persons involved in the accident.

■■■ The Court cannot agree. Counsel have cited to the Court no case dealing with the precise issue here presented.[1] However, it is a well-established canon of construction that a release, although general in terms, will not be given the effect of discharging a claim not within the contemplation of the parties at the time of its execution, unless the language of the release clearly embraces such a claim. Butcher v. United Electric Coal Co., 7 Cir., 1949, 174 F.2d 1003, 1006–1007. It is also settled that in order to clarify the effect of general language of release, a court will look to the circumstances surrounding its execution for the purpose of ascertaining the intention of the parties as to the subject matter to which it was meant to apply. See In re Kellett Aircraft Corp., 3 Cir., 1951, 191 F.2d 231, 235–236. The parol evidence rule does not preclude consideration of such extrinsic evidence so long as the terms of the release are not varied. Rotberg v. Dodwell & Co., 2 Cir., 1945, 152 F.2d 100, 101.

The language of the release of August 6, 1958 is general in terms, and there is nothing therein which manifests an unequivocal intention that it should operate to discharge not only claims for damages suffered by defendant and his wife as a result of the accident, but also claims for contribution which might arise because of defendant's liability for damages sustained by third persons as a result of the accident. Thus, while the release specifically mentions "claims or demands for damages, costs, loss of use, loss of services, expenses, compensation, consequential damage" arising out of the accident, there is no specific mention of claims for contribution. See Vines v. General Out-door Advertising Co., 2 Cir., 1948, 171 F. 2d 487, 492.

The circumstances surrounding the execution of the release establish beyond contravention that claims for contribution were not within the contemplation of the parties at the time the release was executed. The stipulation establishes that defendant was asserting only a claim for the personal loss sustained by him and his wife. The consideration paid for the release was in the exact amount of the actual out-of-pocket expense incurred by defendant and his wife as a result of their own personal injuries and property damage, defendant believing that such sum was "all he was entitled to." Cf. Fuller v. Smith, 1910, 107 Me. 161, 166–167, 77 A. 706. The stipulation further discloses that defendant and his wife executed the release only nine days following the accident, without benefit of counsel, and there is no indication in the record that at the time defendant executed the release he was on notice that any claims whatsoever were to be made against him charging him with responsibility for injuries and damages sustained by other parties involved in the accident. Compare Follett v. Peterson, D.C.M.D. Pa.1959, 171 F.Supp. 631. It is evident that the construction urged by plaintiff here would result in an unintended and unpaid-for discharge of a claim which was not within the contemplation of the parties in giving and in accepting the release.

■■■ The limited effect thus given to the release of August 6, 1958 is in accord with the fundamental principle that a written instrument must be construed most strictly against the party who prepared it, in this case clearly the plaintiff's representative. Bar Harbor & Union River Power Co. v. Foundation Co., 1930, 129 Me. 81, 85, 149 A. 801. In the printed form release used by plain-

1. Cases such as McKenna v. Austin, 1943, 77 U.S.App.D.C. 228, 134 F.2d 659, 148 A.L.R. 1253, and Henry Fuel Co. v. Whitebread, 1956, 99 U.S.App.D.C. 9, 236 F.2d 742, cited by defendant, which deal with the effect of a release given by an injured plaintiff to one of two joint tortfeasors, are clearly not in point. The issue here presented is as to the effect of a release given *by* one of two joint tortfeasors to the other joint tortfeasor.

tiff's representative, it would have been a simple matter to have included claims for contribution. Not having done so, at best an ambiguity is presented, and plaintiff must suffer the consequences.

For the reasons stated, plaintiff Esther M. Buckley's affirmative defense to the counterclaim is not a sufficient basis for dismissal thereof.