## Buranosky v. Himes

*Norbert J. Pontzer, Pontzer & Pontzer and Wirtzman, Sikov & Love,* for plaintiff.

*Paul B. Greiner,* for defendants.

*John H. Cartwright,* for additional defendant.

MORRIS, P. J. (Fifty-fourth Judicial District, Specially Presiding), September 10, 1963.—This matter is before the court upon a motion by the additional defendant, Michael Greene, for judgment on the pleadings.

The facts are substantially as follows: On the morning of August 25, 1961, Dorothy D. Buranosky and Michael Greene were traveling in a southerly direction on Route 555 in Elk County, Pa., in a 1961 Volkswagon automobile, which was owned by Miss Buranosky and driven by Mr. Greene. At the same time, a tractor and

trailer, owned by Vincent L. Quick and operated by Charles Himes, was proceeding in a northerly direction on Route 255 in Elk County. At the intersection of Routes 555 and 255 the Volkswagon and truck collided, and, as a result of the collision and from injuries sustained therein, Dorothy D. Buranosky died on September 5, 1961.

On December 22, 1961, Andrew M. Buranosky, administrator of the Estate of Dorothy D. Buranosky, commenced a survival and a death action against Charles Himes, Vincent L. Quick and the United States Steel Corporation in the Court of Common Pleas of Elk County.

The complaint alleged that Charles Himes was the servant of Vincent L. Quick and the United States Steel Corporation, and that he was working within the scope of his employment at the time of the accident. The pleadings show that the steel corporation had engaged the services of Quick to transport pipe from the corporation's National Tube Division in McKeesport, Pa., to its Oil Well Supply Division at Wharton, Pa.

The steel corporation, in its answer, denied that either Himes or Quick was its servant and specifically alleged that Quick was an independent contractor.

On July 30, 1962, defendants, Himes and Quick, petitioned the court for an order permitting them to file a praecipe for writ to join Michael Greene as an additional defendant, alleging that Greene was jointly liable with them for any injuries suffered by plaintiff. The court granted the petition on the same day.

In his answer, the additional defendant denied all averments of negligence, and under the heading "New Matter" alleged that on October 30, 1961, the original defendants gave a written release to Michael Greene and Dorothy D. Buranosky for a consideration of $5,000. The release was in the usual language employed in such instruments, and, in particular, that portion of

it which is pertinent in this matter reads as follows:

"It is further agreed that I/we will not join nor attempt to join Dorothy D. Buranosky and/or Michael Greene, their heirs, executors, administrators, insurers, successors and assigns as additional or third party defendants in any litigation whatsoever arising out of the accident."

On April 4, 1963, the additional defendant, Michael Greene, moved for judgment on the pleadings on the basis of the release, and the matter is now before the court on that motion.

This problem is not a new one to our courts, but it is one which has brought about some confusion in the law and especially since the enactment of the Uniform Contribution Among Tortfeasors Act.

The additional defendant relies principally on the case of Killian v. Catanese, 375 Pa. 593, 101 A. 2d 379 (1954), and defendants point to Davis v. Miller, 385 Pa. 348 (1956), and the Uniform Contribution Among Tortfeasors Act of July 19, 1951, P. L. 1130, 12 PS §§2081-2088.

In the Killian case, plaintiff brought an action in trespass for injuries suffered in an automobile accident in Philadelphia. The original defendant sought to join the additional defendant, alleging that he was solely liable. In his answer, under the heading "New Matter", the additional defendant set up as a defense a release executed by the original defendant to him. In his answer to the additional defendant's new matter, the original defendant contended that the release did not preclude him from joining the additional defendant as an additional defendant in a suit brought by plaintiff against them, the original defendant, but only precluded them from bringing a direct action, as plaintiff, against the additional defendant. The Supreme Court in a per curiam opinion affirmed the lower court's rul-

ing that the release was broad enough to cover not only an action by original defendant directly against the additional defendant, but also the situation where the original defendant sought to bring the additional defendant into the case as an additional defendant.

The release in the Killian case was written in more general language than in the case at bar. There, it simply stated that the Cataneses, the original defendants, released George Wasilky, the additional defendant, from all " '. . . liability arising out of the accident on or about April 5, 1952, . . .' " In the case at bar, the release states specifically that defendants will not join the additional defendant as an additional defendant or third-party defendant in any litigation arising out of the accident.

In Davis v. Miller, the additional defendant had obtained releases from original defendant and also from plaintiffs. The Supreme Court in this case reversed the lower court, which had sustained the additional defendant's motion for judgment on the pleadings. The Supreme Court, in its opinion by Chief Justice Horace Stern, cited the Uniform Contribution Among Tortfeasors Act of July 19, 1951, P. L. 1130, and stated as follows:

" 'A release by the injured person of one joint tortfeasor does not relieve him from liability to make contribution to another tortfeasor, unless the release .... provides for a reduction to the extent of the pro rata share of the released tortfeasor of the injured person's damages recoverable against all the other tortfeasors.' "

The court went on to point out that in this case it was necessary to keep the additional defendant on the record and in the case because an important factor in the determination of the amount of damages that the original defendant would have to pay plaintiff depended on whether or not the additional defendant would also have been liable to plaintiff. The court expressly distin-

guished the Killian case on the basis that there plaintiff had not given a release to the additional defendant.

This court is of the opinion that the case at bar is ruled by the Supreme Court's decision in the Killian case, and that the additional defendant's motion for judgment on the pleadings must be granted. Here, as in the Killian case, it is only the original defendant, and not plaintiff, who has given the additional defendant a release. The only reason for insisting that the additional defendant continue in the case where he has been given a clear release from all liability is, as was pointed out in the Davis case, to be able to determine under the Uniform Contribution Among Tortfeasors Act the amount of damages that defendant will have to pay plaintiff, where plaintiff has released the additional defendant. Where, however, as in this case, plaintiff has not released the additional defendant, but only original defendant, the Uniform Contribution Among Tortfeasors Act has no applicability. See 12 PS §2085.

No party's rights can be prejudiced by this ruling. Plaintiff, in no way having released the additional defendant, is still free to commence action against him if he desires, or if he is unable to do so because of the bar of the statute of limitations, he must accept this consequence as one of his own choosing. Nor will the rights of the original defendants be subjected to any prejudice for they have for a valuable consideration expressly agreed to release the additional defendant, not only of any claim they might have against the additional defendant, but also they have agreed not to join him as an additional defendant in any litigation arising out of the accident of August 25, 1961.

Wherefore, we make the following

*Order*

And now, September 10, 1963, for the foregoing reasons the motion of the additional defendant for judgment on the pleadings is granted.