## Cox v. Owen

794

*C. Howard Harry, Jr.*, for plaintiff.

*Robert W. Tredinnick* and *Harold W. Spencer, Esq.*, for defendants.

HONEYMAN, J., January 4, 1965.—The complaint in trespass herein alleges that plaintiff Beatrice E. Cox was a passenger in a vehicle operated by Dorothy A. Cox when the Cox vehicle collided with another vehicle being operated by William Owen. Plaintiffs Beatrice E. Cox and John R. Cox, her husband, instituted suit against both drivers, alleging negligence on the part of each. Thereafter, defendant Owen filed a petition for severance, alleging defendant Cox, as a result of a settlement, had secured a joint tortfeasor release from plaintiffs. The petition further alleges said release extinguishes any liability of defendant Cox to plaintiffs, but does not extinguish the possibility of contribution to Owen in the event of an ultimate determination that both defendants were causally negligent in the incident giving rise to this claim for damages. Owen asserts that defendant Cox, being an original defendant, will, upon the filing of proof of a release, be entitled to judgment in her favor, whereby he would, if found solely liable, be required to institute action against her in a separate suit for contribution. The prayer of Owen's petition requests this court to sever and separate the action brought by plaintiffs against defendant Owen from the action brought against defendant Cox, and that defendant Owen be granted leave to join defendant Cox as additional defendant in the severed action of plaintiffs against defendant Owen.

The answer by defendant Cox to said petition admits that defendant Cox obtained a release from plaintiffs subject to the provisions of the Uniform Contribution Among Tortfeasors Act of July 19, 1951, P. L. 1130, 12 PS §2082, but denies that defendant Owen would be entitled to a contribution since the release would prevent the plaintiffs' recovery from defendant Cox and therefore there would be no ultimate determination that both defendants were negligent. The answer further denies that Owen has a right of contribution, and avers there exists no legal authority or precedent for such a severance.

The instant petition raises a novel question, and it is conceded by counsel for defendant Owen that it would appear to be one of first impression. Although research reveals no authority exactly on point, it is felt that a suit brought against an original defendant who then joins an additional defendant is quite analogous to that in which both defendants are originally named as defendants by the plaintiff.

Defendant Owen envisages the loss of a valuable right if defendant Cox is permitted to "vanish from the case through a release." Prior to final judgment, however, a joint tortfeasor remains on the record even if one is released by the plaintiff, in order to determine under the contribution among tortfeasors the liability for contribution of each or the quantum of the plaintiff's recovery against the tortfeasor not released.

In Davis v. Miller, 385 Pa. 348 (1956), three passengers in an automobile driven by Mary A. Richardson brought suit against Amos T. Miller for injuries resulting from a collision. Miller then joined Mary A. Richardson as an additional defendant. When subsequent pleadings revealed that Richardson had obtained a release from the plaintiffs, the question arose as to whether she was entitled to be eliminated from the

action "before it was determined by a jury trial whether she was a joint tortfeasor with the original defendant." Reversing the lower court which sustained the motion for judgment on the pleadings and entered judgment in her favor, the Supreme Court, at page 352, stated:

". . . Therefore, although Miller cannot recover contribution from the additional defendant, he does have an extremely valuable right in retaining her in the case, because, if the jury should find her to be a joint tortfeasor, his liability to plaintiffs would be cut in half. Her continuance in the case is therefore necessary, even though no recovery can be had against her either by plaintiffs or by defendant, in order to determine the amount of damages that defendant may be obliged to pay plaintiffs in the light of the situation created by their releases of the additional defendant's liability."

In Smith v. Fenner, 399 Pa. 633 (1960), the jury by special verdict found that the joint negligence of two original defendants and an additional defendant was the legal cause of the accident. The additional defendant, however, had obtained a release from the plaintiff. The Supreme Court held that plaintiff was entitled to a judgment against the original defendants for two-thirds of the amount of the verdict, there was no right of contribution against the additional defendant, and judgment should be entered in favor of plaintiff against the additional defendant for one-third of the amount of the verdict and said judgment should be marked satisfied by reason of the release.

It would, therefore, appear entirely proper for this court to retain defendant Cox as a joint defendant herein, even though she has obtained a release from plaintiffs. As stated in the authority cited heretofore, in situations involving an original defendant and an

additional defendant, in which this court sees no valid distinction from a case in which both defendants are originally sued by plaintiff, a valuable right exists in the retention of any party defendant, original or additional, who has obtained a release. Although no additional recovery can be had by the plaintiff from parties holding releases, the retention of all defendants allows the jury to properly assign the legal cause of the accident. In this regard a release obtained by any defendant, original or additional, is of no concern to the jury and is not admissible for its consideration in assessing the joint or several liability of the defendants. Should joint negligence be found, this would inure to the benefit of those not holding releases, for their ultimate obligation on the verdict or judgment would only be for their pro-rata share of the verdict.

In the instant case, it works no prejudice to Owen for Cox to be retained as a joint defendant for a determination of the legal cause of this accident. Should a jury determine defendants were jointly negligent, Owen's liability would be one-half of the verdict. The judgment entered in favor of plaintiffs against defendant Cox for the other half would then be marked satisfied by reason of the release.

### Order

And now, this fourth day of January, 1965, the petition for severance is dismissed and the rule granted on plaintiffs to show cause is hereby discharged.