Mar-Paul Co., Inc. v. Jim Thorpe Area Sch. Dist.

C.P. of Carbon County, No. 04-2595.

*Sam L. Warshawer,* for plaintiff.

*Brian E. Subers,* for Jim Thorpe Area School District.

*Raymond P. Wendolowski,* for Popple Construction, Inc.

*Andrew Fylypovych,* for Hayes Large Architects, LLP.

*Carole J. Walpert* for United Inspection Services, Inc.

*Nicholas Noel, III* and *Maura McGuire,* for Pathline, Inc.

NANOVIC, *P.J.,* November 17, 2011—Herein, additional defendant, Hayes Large Architects, LLP ("Hayes"), moves for summary judgment on the claims made in the joinder complaint filed against it by the Jim Thorpe Area School District ("District"), all of which have been assigned to Popple Construction, Inc. ("Popple").

For the reasons which follow, we deny this motion to the extent it requests summary judgment in full.

## PROCEDURAL AND FACTUAL BACKGROUND

In 2002, the district began constructing an elementary school in Kidder Township, Carbon County, Pennsylvania, for kindergarten through eighth grade. Mar-Paul Company, Inc. ("Mar-Paul") was the general contractor for the project; Popple was Mar-Paul's subcontractor for the project site work. Moisture-laden soil caused construction delays, which resulted in both Mar-Paul and Popple claiming they were owed additional payments from the district beyond the base contract rate.

On August 6, 2004, Mar-Paul filed suit against the district and Popple. Mar-Paul's complaint included claims for monies due it directly, as well as pass through claims on behalf of Popple.

The district joined Hayes, the district's architect on the project, as an additional defendant against which it sought indemnification and/or contribution. By agreement dated February 26, 1996, the district contracted for Hayes' architectural services for the project. The district also claimed direct liability for any amounts Mar-Paul recovered (for itself and on behalf of Popple) against it because of Hayes' failure to comply with Hayes' contractual obligations to the district. The district further sought recovery against Hayes for costs to correct defective work related to the construction of a shingled roof over the media center at the project, in the event this work was necessitated by design defects attributable to Hayes.

Hayes, in turn, joined Pathline, Inc. ("Pathline"), the district's clerk-of-the-works for the project, as an additional defendant. A separate agreement entered in 1999 between the district and Pathline provides for Pathline to furnish these services. In its joinder complaint, Hayes likewise sought indemnification and/or contribution from Pathline for any monies Hayes may be required to pay the district. Additionally, Hayes claimed Pathline was negligent in the information it supplied regarding the suitability of soil conditions at the project site, which was intended to be relied upon and was in fact relied upon by Hayes to its detriment.

In late 2009, Mar-Paul, the district and Popple reduced to writing the terms of settlement of their respective claims against one another. All parties executed a mutual release, assignment of claims and settlement agreement ("agreement") reflecting the agreed upon terms. Pursuant to this agreement, the district is to pay certain monies to Mar-Paul (i.e., $285,422.00) and Popple (i.e., $275,000.00), and to assign all of its right, title and interest in those claims asserted in its joinder complaint against Hayes to Popple. The agreement further provides that the first $25,000.00 of any monies recovered by Popple are to be retained by Popple, with the balance to be paid 65 percent to Popple and 35 percent to the district, less Popple's pro rata share of attorney's fees and costs in pursuing these claims. The agreement also recites that Popple's claims against the district total $358,698.80.

Before us now is Hayes' motion for summary judgment in which it asserts first that the district's assignment to

Popple of its claims against Hayes violates public policy and is unenforceable in that it constitutes champerty, and second, that there exist no valid claims for contribution or indemnity that the district could assign to Popple.

## DISCUSSION

### Champerty

Champerty is:

[a] bargain by a stranger with a party to a suit, by which such third person undertakes to carry on the litigation at his own cost and risk, in consideration of receiving, if successful, a part of the proceeds or subject sought to be recovered.

Black's Law Dictionary 209 (5th ed. 1979). At its essence champerty seeks to bar a party from speculating and profiting in litigation in which he has no legitimate interest. *Fleetwood Area School District v. Berks County Board of Assessment Appeals*, 821 A.2d 1268, 1274 (Pa.Cmwlth. 2003). To invalidate an assignee's litigation of an assigned claim, three elements must exist:

1) The assignee must have no legitimate interest in the suit;

2) He must expend his own money in prosecuting the suit; and

3) He must be entitled by the bargain to share in the proceeds of the suit.

*Belfonte v. Miller*, 243 A.2d 150, 152 (Pa. Super. 1968).

"A champertous agreement is one in which a person having otherwise no interest in the subject matter of an action undertakes to carry on the suit at his own expense in consideration of receiving a share of what is recovered." *Id.* (quoting *Richette v. Pennsylvania R.R.*, 187 A.2d 910 (Pa. 1963)).

In this case, the second and third elements of champerty have been met because Popple, pursuant to the agreement, will expend its own monies in prosecuting the district's claims against Hayes and it is entitled to share in the proceeds of any recovery. In dispute is the first element: whether Popple has any legitimate interest in the instant suit independent of the agreement. For the following reasons, we find Popple's interest to be legitimate: (1) Popple was involved in this litigation from the outset, before any agreement was reached, and does not come to this litigation as an outsider; (2) the subject matter of the agreement is the very litigation in which Popple was an original defendant; (3) the amount of damages claimed by Popple in the underlying litigation exceeds the amount paid to it by the district; and (4) the public policy of this Commonwealth favors settlement and allows for the assignment of non-personal injury claims. Popple is no stranger to the litigation and, as such, is not barred by champerty from pursuing the claims against Hayes which have been assigned to it by the District.

Viability of the District's Claims Assigned to Popple

To the extent that the district's joinder complaint against Hayes asserts a claim for contribution, Hayes is correct

in stating that such a claim cannot exist. The underlying claims brought by Mar-Paul and Popple against the district are in contract. At the most basic level, Mar-Paul and Popple claim that the district's actions were a breach of the parties' contract and caused damages. There are no tort claims. Accordingly, since the principle of contribution refers to the allocation of the payment of damages by and between two or more joint tortfeasors, and there being no claim that the district was a tortfeasor, its request for contribution against Hayes must fail. See 42 Pa.C.S.A. § 8324(a) (providing for contribution only between joint tortfeasors); *Carson v. Driscoll*, 2006 WL 2009047 *6 (CCP Phil. 2006) ("Contribution is not a proper claim where the underlying claims sound in contract"). Popple does not dispute this conclusion.

Nor does the district have a claim for indemnity against Hayes. Indemnification is available under Pennsylvania law in only two instances: (1) pursuant to a contractual provision, or (2) by operation of law. *City of Wilkes-Barre v. Kaminski Bros., Inc.*, 804 A.2d 89 (Pa.Cmwlth. 2002). "An agreement to indemnify is an obligation resting upon one person to make good a loss which another has incurred or may incur by acting at the request of the former, or for the former's benefit." *Szymanski-Gallagher v. Chestnut Realty Co.*, 597 A.2d 1225, 1228 (Pa. Super. 1991) (quoting *Potts v. Dow Chemical Co.*, 415 A.2d 1220, 1221 (Pa.Super. 1980)). No such contractual obligation has been alleged in the instant proceedings.

With respect to indemnity by operation of law

[t]here is ... a fundamental difference between indemnity and contribution. The right of indemnity rests upon a difference between the primary and secondary liability of two persons each of whom is made responsible by the law to an injured party. *It is a right which enures to a person who, without active fault on his own part, has been compelled, by reason of some legal obligation, to pay damages occasioned by the initial negligence of another and for which he himself is only secondarily liable.* The difference between primary and secondary liability is not based on a difference in *degrees* of negligence or on any doctrine of comparative negligence.... It depends on a difference in the character or kind of the wrongs which cause the injury and in the nature of the legal obligation owed by each of the wrongdoers to the injured person. Secondary liability exists, for example, where there is a relation of employer and employee, or principal and agent.... Without multiplying instances,... *the important point to be noted in all the cases is that secondary as distinguished from primary liability rests upon a fault that is imputed or constructive only,* being based on some legal relation between the parties, or arising from some positive rule of common or statutory law or because of a failure to discover or correct a defect or remedy a dangerous condition caused by the act of the one primarily responsible....

*Kemper National P & C Companies v. Smith*, 615 A.2d 372, 376-77 (Pa. Super. 1992) (quoting *Vattimo v. Lower Bucks Hospital, Inc.*, 502 Pa. 241, 250-51, 465 A.2d 1231,

1236 (1983)) (emphasis in original).

As already discussed, this is not a case involving claims of tortious misconduct against or between two or more parties for which equitable division or apportionment of responsibility is sought. More importantly, the relationship between two parties bound by contract (here, the district and Hayes) sets forth neither the type nor the status of relationship upon which secondary liability is imposed on one against the other by operation of law.

Instead, Popple argues that a fair reading of the facts pled in the district's joinder complaint sets forth a claim for direct contractual liability against Hayes for breach of the February 26, 1996 architectural agreement between the district and Hayes. Specifically, Popple alleges that Hayes breached its duty to exercise professional care in the design of the project and in the preparation of contract documents for bidding and award, to advise and consult with the district concerning the progress of the project work, to evaluate and make recommendations to the district with respect to the contractors' work and requests for change orders, and to examine and evaluate for approval the sequence and manner in which fill material was to be spread and compacted. On these bases, the district has set forth facially viable claims against Hayes for breach of contractual obligations Hayes owed directly to the district which breach, at least in part, is alleged to be the cause of the damages claimed by Mar-Paul and Popple against the district. As such, Hayes' request for summary judgment in toto will be denied.

## CONCLUSION

Having found that Hayes cannot be liable to Popple on the district's assigned claims for contribution and indemnification, Hayes' motion for summary judgment as to these claims will be granted. However, as to the district's direct claim against Hayes for breach of contract, the motion is denied.[1]

---

1. In a separate motion, Pathline claims that Mar-Paul and Popple have released all claims against the district, as well as against its agents and employees, by virtue of the general release provisions in the agreement. The agreement provides for the release by Popple and Mar-Paul of the district and its "representatives ... employees, agents... consultants ... and their successors or assigns, from any and all suits, debts, claims, demands, judgments, actions, charges and causes of action of any nature whatsoever of any and every kind" which Popple and/or Mar-Paul "ever had, now has, or may in the future have arising out of or relating to the project." Under the 1999 agreement between the district and Pathline for the employment of Pathline as the district's clerk of the works, Pathline was hired "to serve as the agent of the [district] at the [project] site." As the district's agent, the agreement releases Pathline from any obligation to pay any monies due Popple by way of contribution or indemnification. See *Buttermore v. Aliquippa Hospital*, 522 Pa. 325, 561 A.2d 733 (1989). (holding that a release given to a particular individual and "any and all other persons. . . whether known or unknown" was applicable to all tortfeasors despite the fact that they were not specifically named and did not contribute consideration to the release).

The claims asserted in Hayes' joinder complaint against Pathline are "only for contribution and indemnification in the event Popple is successful in its claim as assigned by the school district." (Hayes' answer to Pathline's motion for summary judgment, paragraph 28). As to indemnification, Hayes concedes the relationship between it and Pathline — that of architect and clerk of the works, respectively, each having a contract with the district, but not with one another — is not one which creates liability between them differentiated on principles of primary and secondary liability. However, with respect to contribution, Hayes argues Pathline is a proper party to these proceedings in order to determine whether Pathline is a joint tortfeasor with it and, if so, the allocation of damages by and between them. *Davis v. Miller*, 385 Pa. 348, 351, 123 A.2d 422, 424 (1956); *National Liberty Life Insurance Co. v. Kling Partnership*, 504 A.2d 1273, 1276-77 (Pa. Super. 1986). While initially appearing to have merit, because the district's claims against Hayes are founded on the contract which exists between them and not in tort - any allegations in the district's joinder complaint notwithstanding (see *Mirizio v. Joseph*, 4 A.3d 1073, 1079 (Pa. Super. 2010) (the gist of

the action doctrine precludes plaintiffs from recasting ordinary breach of contract claims into tort claims)) - Hayes and Pathline cannot be joint tortfeasors.

Moreover, unlike the contractual relationship which exists between the district and Hayes, Hayes has no contractual relationship with Pathline and thus no direct claim for breach of contract is available to it: Pathline's contract is with the district, not Hayes. Nevertheless, Hayes' joinder complaint alleges a direct cause of action against Pathline for negligent misrepresentation under section 552 of the restatement (second) of torts entitled "Information negligently supplied for the guidance of others." This section "sets forth the parameters of a duty owed when one supplies information to others, for one's own pecuniary gain, where one intends or knows that the information will be used by others in the course of their own business activities." *Bilt-Rite Contractors, Inc. v. The Architectural Studio*, 581 Pa. 454, 479, 866 A.2d 270, 285-86 (2005).

Here, the contract between the district and Pathline requires Pathline to perform all of its duties "in cooperation with [Hayes]." (Article 2.3.2). In particular, Pathline is responsible, inter alia, for "conducting on-site observations" (article 2.3.12) and for reporting to Hayes whenever the work does "not meet the requirements of any inspection, test or approval required to be made." (Article 2.3.13). Given that the district's claims against Hayes include a claim for failure to timely and/or accurately provide information relative to the water content of the soils being excavated and/or compacted, and that Hayes claims it was relying on the information about the suitability of soils, as well as the testing thereof and the overall quality of the work as observed and required to be reported to it by Pathline, which reports Hayes contends were false and/or misleading with respect to site conditions and the work conducted by the prime contractors to eliminate ground moisture, Hayes has stated a viable cause of action against Pathline under section 552 of the restatment (second) of torts. Accordingly, Pathline's motion for summary judgment on its joinder by Hayes is denied.