Pearl MARSHALL

v.

Robert F. SCHWAB
and
Russell Melvin Marshall.
Civ. A. No. 21879.

United States District Court
E. D. Pennsylvania.
Sept. 3, 1958.

Henry T. Reath, Philadelphia, Pa. (Duane, Morris & Heckscher, Philadelphia, Pa.), for Robert Schwab, third party plaintiff.

Lynn L. Detweiler, Philadelphia, Pa. (Swartz, Campbell & Henry, Philadelphia, Pa.), for Russell Melvin Marshall, third party defendant.

LEAHY, District Judge.

█ This is an automobile accident case. The cars of Russell Melvin Marshall and Robert Schwab collided. Marshall's wife was a passenger in his car and she was injured. She sued Schwab who joined her husband as a third party defendant. Marshall filed an answer and his Third Defense is that defendant, Schwab, had executed a release of Marshall of all claims arising out of the accident, including any right of contribution or indemnity against him—Marshall. Schwab now moves the Court to reform the release to restrict its effect.

1. Defendant Schwab argues the language of the release is not broad enough to serve as a defense to the Third Party action. The Supreme Court of Pennsylvania has passed on the effect of a release with wording close to that appearing in the release under attack. It is difficult to escape Killian v. Catanese, 375 Pa. 593, 101 A.2d 379, which was later followed with approval in Davis v. Miller, 385 Pa. 348, 123 A.2d 422 in which the Supreme Court of Pennsylvania again held that by a release similarly worded the defendant "by such broad terms clearly surrenderd any claim he might have had to recover from the additional defendant by way of contribution or otherwise." 385 Pa. at page 351, 123 A.2d at page 424.

█ 2. Finally, Schwab takes the position if the language of the release was sufficient to bar the right of contribution and joinder, the release should be reformed because it was secured through fraud of Marshall's representative. A reading of the interrogatories and depositions fails to establish such alleged fraud. The release was obtained by a representative of Marshall's insurer. No adjuster or investigator of the insurance company attempted to contact Schwab to discuss the case or negotiate the settlement. It is difficult to accept the argument of fraud where defendant, his counsel in the subrogation claim, and his insurance company were mailed the release and which all three had ample time to read and understand. Schwab's representative testified his only purpose in effecting the settlement was to dispose of the property damage claim asserted by Schwab vis-a-vis Marshall. Schwab also testified he thought he was executing a release only on his claim for property damage. Not only is defendant faced with the clear ruling of the Killian case, supra, but by a long line of Pennsylvania decisions going back to Gianni v. R. Russell & Company, 281 Pa. 320, 126 A. 791, parol evidence is not admissible to vary the terms of a writing which is clear and unambiguous. "Where the words used are

clear and unambiguous the intention must be determined by the agreement alone." Atlantic Refining Company v. Wyoming National Bank of Wilkes-Barre, 356 Pa. 226, 51 A.2d 719, 170 A.L.R. 1060; Kennedy v. Erkman, 389 Pa. 651, 655, 133 A.2d 550, 552; Colella v. Allegheny County, 391 Pa. 103, 137 A.2d 265. Schwab's motion to reform the release should be dismissed for under Pennsylvania law the intentions of the parties must be presumed to have been, as they were, clearly stated in the release.

An appropriate order may be submitted.