Sophie DAVIES

v.

Wiley B. DOTSON

v.

Albert T. DAVIES, Administrator of the Estate of Albert V. Davies, Third-Party Defendant.

Civ. A. No. 17403.

United States District Court
E. D. Pennsylvania.

Oct. 6, 1961.

Fred Lowenschuss, Snyder & Lowenschuss, Philadelphia, Pa., for plaintiff.

Charles L. Ford, Philadelphia, Pa., for defendant.

Max E. Cohen, Philadelphia, Pa., for third-party defendant.

GRIM, District Judge.

The facts in this case can be stated most succinctly in this way: Two automobiles collided. A, the driver of one of the automobiles sued B, the driver of the other. B paid A. A executed a release releasing B "from any and all actions, causes of action, claims [and] demands * * * resulting or to result from [an] accident that occurred on or about the 5th

day of April, 1953, at or near the intersection of Route 29 and Old Boot Road near West Chester, Pa."

At the time of the accident C was riding in B's automobile. In a second action C sued A for her injuries. In the second action the defendant A brought in B as a third-party defendant[1] on the theory that B was liable to A "by way of contribution or indemnity for all sums which may be adjudged against B in favor of C."

In the third-party action B has moved for summary judgment in his favor, setting up as a defense the release A gave to B. It is this motion for summary judgment which is now before the court.

A third party action in the federal courts adjudicates the rights of the original defendant and the third-party defendant inter se. It does not permit a judgment for the plaintiff directly against the third party defendant, F.R Civ.P. 14(a), 28 U.S.C., National Mutual Ins. Co. of District of Columbia v. Liberty Mutual Ins. Co., 1952, 90 U.S.App. D.C. 362, 196 F.2d 597. Consequently, the original defendant, A, could prevail only if he could obtain a judgment against the third-party defendant, B, in the third-party action. This he cannot do because of the release which he has given to the third party defendant. Killian v. Catanese, 1953, 375 Pa. 593, 101 A.2d 379; Moyer v. Independent Oil Co., 1960, 401 Pa. 335, 337, 164 A.2d 552. Summary judgment can be granted because there is no dispute as to the essential facts in reference to the motion for summary judgment.

### Order

And Now, October 6, 1961, the motion of the third party defendant, Albert T. Davies, administrator of the estate of Albert V. Davies, for summary judgment in his favor is granted.

[1] B having died, it was his administrator who was named the third-party defendant.