## Rade v. Sieling

*Bensinger & Bensinger*, for plaintiff.

*J. Joseph McCluskey, Harry P. O'Neill* and *James T. Kitson*, for defendants.

DAVIS, P. J., December 17, 1963.—On August 11, 1961, at the intersection of Routes 490 and 611 near Tobyhanna, Pa., a northbound automobile driven by Joseph M. Burke and occupied by the owner, John Rade, Sr., his wife Jean, and their minor son and daughter, John Jr. and Jean Marie, collided with an eastbound automobile owned and driven by Harry Sieling, who was accompanied by his wife, Martha Sieling. Both cars were damaged; the Sielings were thrown from their car and injured; and Jean Rade and the children sustained bodily injuries.

A settlement was effected on November 8, 1961, whereby Harry and Martha Sieling, in consideration of payment to them of $2,000, executed, acknowledged and delivered a release to John Rade and Joseph Burke, the material part of which read:

"RELEASE OF ALL CLAIMS

"Read Carefully Before Signing

"TO ALL TO WHOM THESE PRESENTS SHALL COME OR MAY CONCERN, GREETING: Know ye That We HARRY SIELING AND MARTHA SIELING, INDIVIDUALLY AND AS HUSBAND AND WIFE residing 1438 SPARKS STREET PHILADELPHIA PENNA

"For the sole consideration of the payment to us at this time of the sum of—TWO THOUSAND AND—xx/00 Dollars ($2000.00) the receipt of which we hereby acknowledge, do both jointly and severally hereby release, acquit, and forever discharge JOHN RADE AND JOSEPH BURKE, his, her, their or its agents and servants, successors and assigns, heirs, executors and administrators, and all other persons, firms and corporations, of and from any and all actions, causes of action, claims, demands, damages, costs, loss of service, expenses and compensation, which we now have, or may hereafter have, on account of, or arising out of any matter or thing which has happened, developed, or occurred, before the signing of this release, and particularly, but not in limitation of any of the foregoing general terms, because of the accident, casualty, or event, which occurred on or about the 11th day of AUGUST 1961, at or near ROUTE 611, TOBYHANNA, PA.

"We hereby declare and represent that the injuries then sustained may be permanent and progressive, and that recovery therefrom is uncertain and indefinite, and that all of the injuries, damages, and

losses may not now be fully known to us, and may be more numerous or more serious than we now expect, and in making this release and agreement, it is understood and agreed that we rely wholly upon our judgment of the future development, progress, and result of the said injuries known, and unknown, and that we have not been influenced to any extent whatever in making this release by any representations, or statements regarding said injuries, or the legal liability therefor, or regarding any other matters made by the party or parties who are hereby released, or by any person or persons representing such party or parties, or by any physician or surgeon employed by such party or parties, and that we accept the above mentioned sum in full settlement and satisfaction of all claims or demands whatsoever, for injuries known, and unknown.

"We further understand and agree that this settlement is the compromise of a doubtful and disputed claim, and that the payment made is not to be construed as an admission of liability on the part of the party or parties hereby released by whom liability is expressly denied.

"We further declare and represent that no promise or agreement not herein expressed has been made to us, and that this release contains the entire agreement between the parties hereto, and that the terms of this release are contractual, and not a mere recital.

"We further state that each of us is over twenty-one years of age; that we have carefully read the foregoing release, and know the contents thereof, and that we sign it as our own free act.

"IN WITNESS WHEREOF, we have hereunto set our hands and seals on the 8th day of NOVEMBER 1961.

"CAUTION: THIS IS A RELEASE . . . READ BEFORE SIGNING

"(I have read the above release of all my claims)
"/s/ HARRY SIELING          [SEAL]

"(I have read the above release of all my claims)
"/s/ MARTHA SIELING     [SEAL]"

Subsequently, on March 2, 1962, the instant action of trespass was brought against defendant, Harry Sieling, by plaintiffs John and Jean Rade and by John Rade as guardian of the minor plaintiffs John Rade, Jr. and Jean Marie Rade, to recover for damage and personal injuries resulting from the accident. Defendant Sieling then brought in Joseph Michael Burke as additional defendant, who filed an answer wherein he pleaded the foregoing release under "New Matter". In an amended reply to new matter, defendant has admitted execution of the release. Counsel for additional defendant then filed a motion for judgment on the pleadings for Joseph Michael Burke, additional defendant, against defendant Harry Sieling, on the ground that defendant was precluded by the terms of the release from joining Burke as an additional defendant in the action.

In support of the motion, counsel for additional defendant contends that the release in this case is comparable to the comprehensive types of general release represented in Killian v. Catanese, 375 Pa. 593 (1954), and Moyer v. Independent Oil Company, Inc., 401 Pa. 335 (1960), and that, accordingly, defendant Harry Sieling divested himself of *all* right to have Burke joined in this action as an additional defendant. Counsel for defendant contend that the terms of the release apply only to the damage and injuries sustained by defendant and his wife, and do not extend to the claims of plaintiffs in this case, citing Kent v. Fair, 392 Pa. 272 (1958), and Bogumil v. Kanig, 7 D. & C. 2d 543 (C. P. Lackawanna County, 1956).

The instrument sets forth a general catalogue of subjects from which John Rade and Joseph Burke are released in the following language:

". . . from any and all actions, causes of action, claims, demands, damages, costs, loss of services, expenses and compensation . . .

". . .

"on account of, or arising out of any matter or thing which has happened, developed or occurred, before the signing of this release, and particularly, but not in limitation of any of the foregoing terms, because of the accident . . . which occurred on or about the 11th day of August 1961, at or near Route 611, Tobyhanna, Pa."

The general language is modified or restricted by the following clause drawn from the above quotation at the point marked by omissions: *"which we now have, or may hereafter have. . . ."*

The first part of the clause clearly refers to claims for damages and injuries sustained by defendant and his wife, to the exclusion of all other persons. Admittedly, these claims have been settled by the release and further action thereon is barred. The second part refers to causes of action, etc., which may accrue to them at any time after the execution of the release. When the instant action was brought against defendant, the seeds of a potential cause of action by defendant against Joseph M. Burke were planted: Ebaugh v. Lefever, 17 Monroe 60 (C. P., Alleg. Co., 1954). The maturing of this cause of action would depend upon a series of contingencies: if Burke were joined as additional defendant; if the jury should find Burke jointly liable with defendant; and if defendant should pay plaintiffs more than his pro rata share of the verdict, he would be entitled to recover the excess from additional defendant, pursuant to the provisions of the Uniform Contribution Among Joint Tortfeasors

Act of July 19, 1951, P. L. 1130, sec. 2, 12 PS §2083. See: Mong v. Hershberger, 200 Pa. Superior Ct. 68 (1962), 186 A. 2d 427; Daugherty v. Hershberger, 386 Pa. 367 (1956). This result would be subject to a final contingency: if defendant had not relinquished his right to contribution from additional defendant by the express terms of the release. We think that defendant's potential right to contribution clearly was included in "causes of action . . . which we . . . may hereafter have"; that the release discharged Burke from such liability; and that he, therefore, cannot be retained in this action as an additional defendant upon the theory of joint liability. This conclusion is supported by two decisions in which the language of the release was closely analogous to that here presented: Haas v. Murray, 107 Pitts. L. J. 265 (C. P. Allegheny Co., 1959); "causes of action . . . which we have or can or may have"; and Schupak v. Neiberg, 8 D. & C. 2d 749 (C. P. No. 7, Philadelphia Co. 1956); ". . . causes of action . . . [which Neiberg] now has or which may hereafter accrue. . . ." The authorities for the retention of Burke as additional defendant cited by counsel for defendant must be distinguished, because the qualifying language there found restricted the operation of the release to *damage* sustained by the releasors, to the exclusion of that sustained by any other person: Kent v. Fair, supra, ". . . all actions . . . for . . . damage, loss or injury . . . sustained by us"; Bogumil v. Kanig, supra, ". . . all actions . . . on account of damages . . . including damages by us sustained". To the same effect, see Busch v. Williams, 75 Montg. 420 (C. P. Montgomery Co., 1959), "all damages . . . sustained or that [Williams] may hereafter sustain"; Devine v. Petrov, 15 D. & C. 2d 435 (C. P. Bucks Co., 1957), ". . . all . . . actions . . . and particularly on account of . . . damage

. . . sustained or that we may hereafter sustain. . . ." In Ebaugh v. Lefever, supra, a motion for judgment for additional defendant was dismissed because the release covered only claims arising *prior* to the date of the release and, therefore, did not preclude a claim for contribution against the additional defendant arising thereafter. In Derby v. Matushonek, 80 D. & C. 272 (C. P. Luzerne Co., 1951), the language was not so specific as that in the foregoing cases: ". . . all claims . . . which I/we have or might have . . . and especially because of all damages, losses or injuries to person or property . . . resulting . . . from [the] accident. . . ." Nevertheless, the court held that this language did not apply to a claim subsequently made by a stranger to the release.

There remains a single theory upon which Joseph Burke can be retained as additional defendant. Defendant's complaint charges, inter alia, that additional defendant is solely liable to plaintiffs. This factor presents two questions (1) What is the essential character of third party practice when based on the ground of sole liability, and (2) Does the language of the release cover this specific type of procedure?

Under the Pennsylvania Rules of Civil Procedure, the mechanics by which a third party may be brought upon the record as additional defendant to respond to a charge of sole liability to plaintiff are analogous to the procedure for instituting an original action. Defendant files a praecipe for a writ or a complaint (rule 2252), and the writ or a copy of the complaint is then served on additional defendant by the sheriff in the same manner as a writ of summons (rule 2254). The steps which an original defendant takes in this connection may properly be described, in a limited procedural sense, as "bringing an action". In the event that the proceedings result in a verdict

or judgment against additional defendant, rule 2255(d) provides:

"The plaintiff shall recover from an additional defendant found liable to him alone or jointly with the defendant as though such additional defendant had been joined as a defendant and duly served and the initial pleading of the plaintiff had averred such liability".

Thus, a direct link of liability between plaintiff and additional defendant is forged. Parenthetically, it should be noted that, under Federal procedure, a third party action adjudicates only the rights of the original defendant and the third party defendant inter se; it does not permit a judgment for plaintiff directly against the third party defendant: 28 U. S. C. A. Federal Rules of Civil Procedure 14(a); Davies v. Dotson, 198 F. Supp. 612, 613 (E. D. Pennsylvania, 1961). There is, however, a substantial distinction between bringing an action in the procedural sense for the purpose of causing additional defendant to respond to plaintiff's claim, and bringing an action, in both the procedural and the material senses, for the purpose of compelling additional defendant to respond in damages directly to the moving party—in this case, the original defendant. The first type of action may be characterized as purely *defensive*. By it, the original defendant seeks to deflect from himself the action directed against him by plaintiff and to redirect it against the party conceived by him to be the proper target, namely, additional defendant. The second type of action is *aggressive* in character. It is instituted at will by the moving party against defendant or additional defendant for the purpose of obtaining from him material relief in the form of a judgment for damages or a decree for performance.

The language of the instrument in this case releases additional defendant from "all actions, causes

of action, claims, demands, damages, costs, loss of service, expense and compensation," subject, however, to the qualification: "which *we* now have, or may hereafter have". In commonly accepted usage, these terms convey the idea of aggressive legal action, initiated not by some stranger to the release, but by defendant against additional defendant for the purpose of obtaining from him material relief; they do not suggest action of a purely defensive character. We have found but one Pennsylvania decision dealing with the right of an original defendant who has given a release to retain the releasee as additional defendant to answer a charge of sole liability to plaintiff: Clifford v. Hilliard, 104 Pitts. L. J. 280 (C. P. Alleg. Co., 1956). There, the general language of the instrument released Clifford "from any and all . . . actions . . . arising from any act or occurrence up to the present time". This language was not qualified or restricted, but was explained or rendered more specific by the following expression: "and particularly on account of all personal injury . . . or damages . . . already sustained or that I may hereafter sustain in consequence of an accident that occurred on or about the 31st day of Dec. 1952, at or near Bakerstown, Penna." The court granted the motion for judgment on the pleadings for additional defendant, and Alpern, J., said:

"Nevertheless, the release signed by the defendant bars him from joining William L. Clifford as an additional defendant on the basis of sole liability in this Survival Action. The release states in part that William L. Clifford is released from 'any and all claims . . . actions and causes of action.' . . . It well might be that the plaintiff estate might sue Clifford, but, under the release, Orie Hilliard cannot make this possible by joining Clifford as an additional defendant".

The broad scope of the Clifford release embraced aggressive actions by all possible persons. By the instrument in the instant case, defendant released additional defendant only from aggressive actions which he and his wife had or might have; he did not relinquish the purely defensive right, in an action for damages instituted by other persons, to require additional defendant to respond to plaintiffs on a charge of sole liability. Figuratively speaking, defendant, by executing the release, surrendered his sword and lance, but retained his buckler.

This conclusion is not inconsistent with Haas v. Murray, supra, and Schupak v. Neiberg, supra, where judgment was entered for additional defendant, notwithstanding that the releases contained restrictive language similar to that presented in the instant case. Additional defendants there could not have been held solely liable to plaintiffs because these opposing parties were husband and wife: Act of June 8, 1893, P. L. 344, sec. 3, as amended by the Act of March 27, 1913, P. L. 14, sec. 1, 48 PS §111; Meisel v. Little, 407 Pa. 546 (1962); Fisher v. Diehl, 156 Pa. Superior Ct. 476 (1945).

The most comprehensive language of release may be found in the leading case of Killian v. Catanese, supra:

". . . and all manner of, actions . . . , especially *the liability arising out of the accident on or about April 5, 1952. . . .*" (Italics in original.)

The expression "liability arising out of the accident" also appears in the releases given effect in Mayer v. Knopf, 17 D. & C. 2d 308 (C. P. No. 5, Philadelphia Co., 1958), affirmed per curiam in 396 Pa. 312 (1959); and Fisher v. Parks, 59 Lack. Jur. 101 (C. P. Lackawanna Co., 1958). Although it has been pointed out in McGee v. Singley, 382 Pa. 18, 22 (1955), that the Supreme Court inadvertently enter-

tained an appeal from an interlocutory order in the Killian case, this decision has been widely cited and followed. The releases presented in the following cases contained the expression "from *all* actions", but did not use the term "liability": Moyer v. Independent Oil Company, Inc., 401 Pa. 335 (1960); Kersten v. Day, 42 Westmoreland 95 (C. P. Westmoreland Co., 1960); Speece v. Dlusky, 40 Westmoreland 19 (C. P. Westmoreland Co., 1957); Pihakis v. Meek, 36 Wash. Co. 204 (C. P. Washington Co., 1956); Radice v. Troutman, 67 Dauph. 341 (C. P. Dauphin Co., 1955); Davies v. Dotson, supra; Berman v. Plotkin, 172 F. Supp. 214 (E. D. Pa. 1959), affirmed per curiam in 271 F. 2d 416 (C. C. A. 3d, 1959); Follett v. Peterson, 171 F. Supp. 631 (M. D. Pa., 1959); Marshall v. Schwab, 167 F. Supp. 123 (E. D. Pa. 1958). None of these authorities dealt with the problem of sole liability and none concerned releases using restrictive language of the character presented in the instant case.

ORDER

And now, December 17, 1963, the motion for judgment in favor of Joseph Michael Burke, additional defendant, is dismissed.