## Hummel Furniture Co. v.
## Hummel Warehouse Co., Inc.

*Wardell F. Steigerwalt*, for plaintiff.

*Theodore R. Gardner*, for defendant.

*Snyder, Wert, Willcox, Frederick & Doll*, for additional defendant.

HENNINGER, P. J., June 27, 1961. — Plaintiff, a former tenant of original defendant, sued defendant for return of a part of the rent paid because of certain alleged violations of the lease which plaintiff avers reduced the rental value of the property. With that phase of the case we are not now concerned.

Another count in the complaint seeks damages for plaintiff's furniture damaged by reason of exposure to the weather during a repair to the roof or by reason of faulty laying of a roof.

Defendant added as an additional defendant, Acker Roofing Company, as being answerable over to defendant. Under new matter, additional defendant pleaded a release to it from defendant as follows:

"RELEASE OF ALL CLAIMS

"FOR AND IN CONSIDERATION OF the payment to me/us of the sum of ($328.91) . . . Three Hundred Twenty-eight and . . . 91/100 Dollars, and other good and valuable consideration, I/we, being of lawful age, have released and discharged, and by these presents do for myself/ourselves, my/our heirs, execu-

tors, administrators and assigns, release, acquit and forever discharge . . . Lewis H. Bogert and William Rex . . . and any and all other persons, firms and corporations of and from any and all actions, causes of action, claims, demands, damages, costs, loss of services, expenses, compensation, and all consequential damage on account of, or in any way growing out of, any and all known and unknown personal injuries and death and property damage resulting or to result from accident that occurred on or about the 26th day of March . . . 1957, at or near Hummel Warehouse, N. 15th St., Allentown, Pa.

"I/we hereby declare and represent that the injuries sustained may be permanent and progressive and that recovery therefrom is uncertain and indefinite, and in making this release and agreement it is understood and agreed that I/we rely wholly upon my/our own judgment, belief and knowledge of the nature, extent and duration of said injuries, and that I/we have not been influenced to any extent whatever in making this release by any representations or statements regarding said injuries, or regarding any other matters, made by the persons, firms or corporations who are hereby released, or by any person or persons representing him or them, or by any physician or surgeon by him or them employed.

"I/we understand that this settlement is the compromise of a doubtful and disputed claim, and that the payment is not to be construed as an admission of liability on the part of the persons, firms and corporations hereby released by whom liability is expressly denied.

"This release contains the ENTIRE AGREEMENT between the parties hereto, and the terms of this release are contractual and not a mere recital.

"I/we further state that I/we have carefully read the foregoing release and know the contents thereof,

and I/we sign the same as my/our own free act.

"WITNESS my hand and seal this 6th day of May 1957.

"In the Presence of

Name    Patricia N. O'Brien

Address  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

Name  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

Address  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

"CAUTION! READ BEFORE SIGNING
HUMMEL WAREHOUSE CO., INC.
ALFRED HUMMEL, PRES. (SEAL)

. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . (SEAL)"

Defendant filed an answer to this new matter, as follows:

"10. The Defendant admits that on or about the sixth day of May, 1957, it entered into a Release with the Additional Defendants, a correct copy of which is attached 'to the Additional Defendants' Answer and New Matter and marked Exhibit "A", but denies that either the Defendant or the Additional Defendants ever intended this Release to apply to the alleged damage suffered by the Plaintiff which is the subject matter of this claim, but intended it to apply only to the property damage suffered by the Defendant, and in further answer thereto alleges that at no time was the question of the alleged damage suffered by the Plaintiff in this action discussed between the Defendant and the Additional Defendants. It is further alleged that the Additional Defendants at no time construed the said Release to apply to the alleged damage suffered by the Plaintiff by reason of the fact that they or their agents continued, unsuccessfully, to reach a settlement with the Plaintiff after the said Release had been executed. In further answer thereto, it is alleged that the said Release could in no way affect the Additional Defendants' direct liability to the Plaintiff by

reason of the fact that the Defendant did not have the ability to relieve any third party of its liability to the Plaintiff.

"The Defendant therefore denies that the Release attached to the Additional Defendants' Answer and New Matter relieves the Additional Defendants from its liability to contribute to the Defendant in the event that it is judicially determined that the Defendant and the Additional Defendants are jointly or severally liable to the Plaintiff, or that said Release relieves the Additional Defendants from its direct liability to the Plaintiff."

Additional defendant has now moved for judgment on the pleadings.

We have no doubt that when the release was signed the parties to it were thinking about the damage caused to defendant's building and not about any liability over to defendant by additional defendant for damages to the property of a third party.

The parties saw fit, however, to commit their understanding to writing and they and we are bound by the plain import and meaning of such writing. Both parties are hardheaded businessmen and can be held to the legal consequences of the release entered into between them.

The effect of such a release has been determined for us in two recent Supreme Court cases, Killian v. Catanese, 375 Pa. 503, and Moyer v. Independent Oil Company, Inc., 401 Pa. 335. In each of these cases, releases no more comprehensive in terms than the one in this case were held to bar the liability over of an additional defendant. In each case, it is obvious that the money paid for the release did not compensate for the claim in which the releasor sought to hold the releasee. In the Killian case, where the third party claim was for personal injuries the consideration for the release was

but $250. In the Moyer case, the consideration is not stated, but a letter antecedent to the release showed that it was for property damage whereas the claim in which the releasee was sought to be joined was for personal injuries.

Against these cases, additional defendant cites Kent v. Fair, 392 Pa. 272 and several lower court cases. Since the lower court cases cannot be reconciled with the Killian and Moyer cases above cited, we must rely upon those Supreme Court cases. Kent v. Fair distinguishes the release in its case from that in the Killian case in that in the Kent case the release was for "damage, loss or injury . . . sustained by us" whereas in the Killian case it was for ". . . the liability arising out of the accident . . ." The Kent case uses this significant language (p. 276) :

"A person who accepts money from a person against whom he has or may have a claim has it within his power to write into the release what he pleases and, in the absence of accident, fraud, or mistake, he is bound by what he writes . . ."

In our case, the release as above quoted is for

". . . all . . . causes of action, claims, demands, damages, costs, loss of services, expenses, compensation, and all consequential damage on account of, or in any way growing out of, any and all known and unknown personal injuries and death and property damage resulting or to result from accident that occurred on or about the 26th day of March 1957 at or near Hummel Warehouse, N. 15th St., Allentown, Pa."

The words "all causes of action", "all consequential damage", "all known and unknown . . . damage", "resulting or to result," together with inclusion of "personal injuries and death", indicate that additional defendant, or his carrier, was unwilling to settle for any damage unless it was released from all damage.

To this defendant agreed, and it is bound by its decision to accept payment on those terms.

Defendant makes two other points; first, that additional defendant after having received defendant's release, attempted to settle with plaintiff but failed, and second, that to discharge additional defendant in these proceedings will deprive plaintiff of its rights against additional defendant.

Neither point is significant. Additional defendant has a clause in the very release we are considering denying any liability to defendant. Its approaches to plaintiff may have been to avoid a lawsuit rather than to admit a liability.

Plaintiff would not be prejudiced by a judgment on the pleadings in favor of additional defendant. It has not seen fit to sue additional defendant independently or jointly with defendant; neither has it seen fit to appear at the argument on the motion for judgment on the pleadings or to file a brief.

Our case is to be distinguished from Davis v. Miller, 385 Pa. 348, in which an additional defendant was retained as a nominal party despite his release by plaintiff, because under the Uniform Contribution Among Tortfeasors Act of July 19, 1951, P. L. 1130, 12 PS §2082 ff., the original defendant's share of the liability to plaintiff would be affected by the release. In our case, the release is from original defendant to additional defendant and the original defendant loses nothing that he has not already contracted away.

Holding as we do that additional defendant is entitled to judgment on the pleadings, we need not decide the propriety of seeking contribution or liability over on a claim sounding in tort, when one has been sued in assumpsit.

Now, June 27, 1961, additional defendants' motion for judgment on the pleadings is sustained and judgment is entered in favor of William E. Rex and Lewis

H. Bogert, trading and doing business as Acker Roofing Company, additional defendants, and against Hummel Warehouse Company, original defendant.