Mary LONG, Plaintiff

v.

Robert A. HEINBERGER and Richard Darr Fischmann, Defendants and Third-Party Plaintiffs

v.

June A. CAVANAUGH, Third-Party Defendant.

Civ. A. No. 6138.

United States District Court
M. D. Pennsylvania.

July 20, 1961.

Houck & Barron, Lewistown, Pa., for plaintiff.

Hull, Leiby & Metzger, Harrisburg, Pa., for defendants and third-party plaintiffs.

Hurwitz, Klein, Meyers & Benjamin, Harrisburg, Pa., for third-party defendant.

FOLLMER, District Judge.

This action arises from the collision of an automobile owned by defendant Heinberger and operated by defendant Fischmann and an automobile operated by June A. Cavanaugh. The complaint alleges that the injuries sustained by plaintiff resulted from the negligence of defendant Fischmann. Defendants answered denying the allegations of negligence. By leave of Court, Cavanaugh was brought in as a third-party defendant. The third-party complaint was then served on third-party defendant alleging that the third-party defendant was liable for all or any part of any damages adjudged against the defendants. Third-party defendant then filed a third-party answer denying the allegations of the third-party complaint, and alleging that plaintiff had executed and delivered to third-party defendant a release of all claims.

The pertinent portion of the release is as follows:

"Release Of All Claims

"For And In Consideration Of the payment to me/us of the sum of ($5.00) Five and no/100 Dollars, and other good and valuable consideration, I/we, being of lawful age, have released and discharged, and by these presents do for myself/ourselves, my/our heirs, executors, administrators and assigns, release, acquit and forever discharge June Adda Cavanaugh and any and all other

persons, firms and corporations of and from any and all actions, causes of action, claims, demands, damages, costs, loss of services, expenses, compensation, and all consequential damage on account of, or in any way growing out of, any and all known and unknown personal injuries and death and property damage resulting or to result from accident that occurred on or about the 23rd day of November 1955, at or near Main and Fleming Ave. Lewistown, Pa."[1]

The language of the printed portion of the release is very broad. It not only released the third-party defendant but "and any and all other persons, firms and corporations of and from any and all actions, * * * resulting or to result from accident that occurred on or about the 23rd day of November 1955, at or near Main and Fleming Ave., Lewistown, Pa."

In Kent v. Fair, 392 Pa. 272, 276, 140 A.2d 445, 447, the Court said: "A person who accepts money from a person against whom he has or may have a claim has it within his power to write into the release what he pleases and, in the absence of accident, fraud, or mistake, he is bound by what he writes."

In this case no release was given by the original defendant to third-party defendant as in Killian v. Catanese, 375 Pa. 593, 101 A.2d 379, and in Moyer v. Independent Oil Company, Inc., 401 Pa. 335, 164 A.2d 552, and in Mayer v. Knopf, 17 Pa.Dist. & Co.2d 308, affirmed 396 Pa. 312, 152 A.2d 482. These cases all held that by reason of the broad and inclusive provisions of the release the third-party defendant was absolutely released. In the instant case the release which was from plaintiff to third-party defendant was not limited to joint tort-feasors but

[1]. The balance of the release is as follows:

"I/we hereby declare and represent that the injuries sustained may be permanent and progressive and that recovery therefrom is uncertain and indefinite, and in making this release and agreement it is understood and agreed that I/we rely wholly upon my/our own judgment, belief and knowledge of the nature, extent and duration of said injuries, and that I/we have not been influenced to any extent whatever in making this release by any representations or statements regarding said injuries, or regarding any other matters, made by the persons, firms or corporations who are hereby released, or by any person or persons representing him or them, or by any physician or surgeon by him or them employed.

"I/we understand that this settlement is the compromise of a doubtful and disputed claim and that the payment is not to be construed as an admission of liability on the part of the persons, firms and corporations hereby released by whom liability is expressly denied.

"This release contains the Entire Agreement between the parties hereto, and the terms of this release are contractual and not a mere recital.

"I/we further state that I/we have carefully read the foregoing release and know the contents thereof, and I/we sign the same as my/our own free act.

"Witness our hand and seal this 5th day of December, 1955.

"In The Presence Of

Name   Mildred M. Long

Address  122 Mont. Ave. Ltn.

Caution! Read Before Signing

Name   Annie Boyer

Address  Lewistown, Pa.

Mrs. Mary Long    (Seal)

_____ (Seal)

"State of } ss.
County of }

On this ——— day of ——— 19—, before me personally appeared ——— to me known to be the person— described herein, and who executed the foregoing instrument and ——— acknowleded that ——— voluntarily executed the same.

Notary Public

"My term expires ——— 19—"

covered "any and all other persons, firms and corporations of and from any and all actions, * * *."

In Davis v. Miller, 385 Pa. 348, 123 A. 2d 422, plaintiff released the additional defendant pursuant to the Pennsylvania Uniform Contribution Among Tortfeasors Act, 12 P.S. § 2082 et seq., and the defendant had also released the additional defendant. The Court held that the original defendant was entitled to retain the additional defendant as a party in the case for the purpose of having the additional defendant's liability as a joint tort-feasor determined, even though the original defendant was not entitled to contribution from the additional defendant by reason of his own release. The Court distinguished the Killian case, supra, because in the latter case no release had been given to the additional defendant by the plaintiff.

In the instant case the release was under seal and a nominal consideration of $5 was named. The language of the release clearly indicates an intention on the part of the plaintiff, Mary Long, to release and discharge all persons responsible for the injuries which she sustained in this accident.

Although not appearing in the pleadings, it is admitted that the plaintiff herein is the mother of the third-party defendant and that at the time of the accident, they shared a joint residence. These facts, together with the sweeping provisions of the release for which a nominal consideration was paid, have all of the earmarks of sharp dealing on the part of someone in securing the release. It does not appear whether or not plaintiff was represented by counsel when she signed the release. Certainly, plaintiff has not plead accident, fraud or mistake. Therefore, following the formula set down in Kent, supra, I must reluctantly conclude that by her release plaintiff has closed the door against any possible recovery in this case.

Motion for summary judgment in favor of defendants and third-party plaintiffs will be granted.