**Rodey K. WING, Plaintiff,**

v.

**ROCKPORT STEAMSHIP COMPANY, a corporation, Resident Agent: Curt Knoblock, Drummond Island, Michigan, Defendant.**

**Civ. A. No. 762.**

United States District Court
W. D. Michigan, N. D.

April 24, 1962.

Frank Bennett, Detroit, Mich., Edward A. Quinnell, Marquette, Mich., for plaintiff.

Theodore Robinson, Chicago, Ill., John E. McDonald, Marquette, Mich., for defendant.

KENT, Chief Judge.

This matter is before the court on the plaintiff's motion for a new trial after a general jury verdict.

The case went to the jury on three counts. The first count involved the allegation of negligence on the part of the defendant. No question is raised at this time as to the propriety of the manner

of submission of that count to the jury. The second count went to the jury on the issue of the unseaworthiness of the vessel, and in both Count 1 and Count 2, there was submitted to the jury the issue of proximate cause. Count 3 raised the issue of maintenance and cure, and no question has been submitted to the court, except the adequacy of the amount given by the jury, as to the submission of that count to the jury.

Prior to the trial of the case, counsel were requested to submit proposed requests for instructions to the jury. Upon an analysis of the requests, in the light of the trial brief which had also been furnished before trial, the court called attention, while ruling upon the requests, that the plaintiff's Request No. 29 was contrary to certain citations in plaintiff's trial brief, in that Request No. 29 asked that the court charge the jury that the ship was unseaworthy. The trial brief cited cases to the effect that the question of unseaworthiness was at all times an issue for the jury.

In response to a question from the court, counsel for the plaintiff stated, on the record, that they were relying upon the requests to instruct.

Only a general objection was made, at the time of the trial, after the instructions had been given. Plaintiff's counsel stated, as appears at page 203 of the transcript:

"If Your Honor please, I would like to just enter a general objection for failure to give the requested instructions, with the exception of one: I think it was 12. I was just looking for the number where I agreed with the court in response to a question that it did not apply."

Previously, at the time we were ruling upon the requests, Mr. Bennett stated:

"The position I take is that in No. 29, Your Honor.

The court: "It will not be given. We are in accord with your brief that the question of seaworthiness is a matter for the jury."

Request No. 29 reads as follows, and it may well be that there is no question but what part of it is comment upon the evidence, which this court does not generally do:

"I charge you that in this case the defendant has admitted that as the plaintiff claims, a boom broke falling close to the plaintiff's quarters. I charge you that this admitted fact rendered the ship unseaworthy, and the question for you to decide is whether the plaintiff's alleged injuries were causally related to the crashing down of the boom next to plaintiff's quarters."

It has been conceded by plaintiff's counsel that Rule 51 of the Rules of Civil Procedure, 28 U.S.C.A. relating to objections to be made by counsel and the specifications of the grounds of objections applies to this case.

We could cite innumerable decisions under Rule 51, but we call attention to Johnson v. Chesapeake & Ohio Railway Company, 7 Cir., 227 F.2d 858, which is a rather careful analysis of Rule 51 and the necessity for stating specific objections. The same is true in Marshall v. Nugent, a First Circuit decision, 222 F.2d 604, 58 A.L.R.2d 251.

However, there are three recent decisions, or fairly recent decisions, by the Court of Appeals for this circuit: Williams v. Powers, 6 Cir., 135 F.2d 153, where the Court of Appeals says, at page 156:

"Rule 51 should be read in conjunction with Rule 46. The purpose of these rules is to inform the trial judge of possible errors, that he may have an opportunity to consider his rulings and if necessary to correct them, and where it appears in the record that the point urged on appeal was called to the attention of the trial court in such manner as to

clearly advise it as to the question of law involved, that is sufficient."

The same ruling, in effect, is found in Fuller v. King, 6 Cir., 204 F.2d 586, and Hasselbrink v. Speelman, 6 Cir., 246 F. 2d 34, both of which are recent decisions of the Court of Appeals for this circuit.

I think it must be conceded by the court, although we don't ask defendant's counsel to make such concession, that the point was brought to the court's attention.

It raises the issue, then, as to whether or not the failure of the boom in question was sufficient, in view of all the evidence, to require the court to instruct the jury that the ship was unseaworthy in the light of all the evidence received.

Those decisions, upon close analysis, which hold that there is an issue of fact for the jury, are of the nature of Morales v. City of Galveston, a Fifth Circuit decision, 291 F.2d 97; Poignant v. United States, a Second Circuit decision, 225 F.2d 595; and certain others relating to transitory conditions, as in Hidick v. Orion Shipping & Trading Co., a Second Circuit decision, 278 F.2d 114.

On the other hand, it is conceded, and requires no citation, that defective gear, if defective, makes a ship unseaworthy: Grillea v. United States, a Second Circuit decision, 229 F.2d 687, and the frequently-cited Petterson v. Alaska S.S. Co., Inc., a Ninth Circuit decision, 205 F.2d 478.

In this case, there can be no real question but what the boom broke. It was conceded. That leaves, then, the issue as to why it broke; and no explanation was given. All that was established, and from the evidence it would appear satisfactorily to this court, that the only logical conclusion that could be reached was that they were unable to determine the cause of the breaking of the boom, or what initially caused the breaking of the boom. There wasn't the slightest evidence offered that an unnecessarily large load had been placed which caused a strain on the equipment, a matter which

may or may not have been outside the control of the defendant.

There is no question but what the boom broke. It was part of the gear of the ship. And in the light of the cases cited, this court is satisfied that, as defendant's counsel started to concede and later changed his mind, the jury could reach no logical conclusion except that the gear was defective. And under the Petterson case and Grillea case if the gear was defective, the ship was unseaworthy. The two terms are synonymous.

Now, defendant's counsel makes an issue out of the fact that the gear must be "reasonably" suitable for the use to which it was put. No evidence was indicated at all on the record of this case as to the reasonableness of the equipment. That was not brought in issue. It was not an issue to be resolved by the jury. Until some explanation other than defect was offered to the jury to explain the breaking of the boom, the ship was unseaworthy.

Now, not only does this court feel that the matter was sufficiently called to the attention of the court to justify the motion which the plaintiff has made, but, in addition, we are satisfied that the jury was clearly improperly instructed, and the jury had left to it an issue of fact as to the unseaworthiness of the vessel arising out of a defect in the gear of the ship.

I am not going to cite numerous cases, I will cite a few, as to the court's authority to set aside the verdict and as to the propriety of setting aside the verdict.

Perhaps we should rely upon General American Life Ins. Co. v. Central Nat. Bank, a Sixth Circuit decision found at 136 F.2d 821, where, at pages 822 and 823, the Court of Appeals stated:

"In Montgomery Ward & Co. v. Duncan, supra, 311 U.S. [243,] (page 251), 61 S.Ct. [189,] page 194, 85 L.Ed. 147 it is said: 'The motion for a new trial may invoke the discretion of the court in so far

as it is bottomed on the claim that the verdict is against the weight of the evidence, * * * or that, for other reasons, the trial was not fair to the party moving; and may raise questions of law arising out of alleged substantial errors in admission or rejection of evidence or instructions to the jury.' "

And then it goes on to quote further.

 I may say that this court is satisfied that a substantial error was made in the instructions to the jury and in the rejection of the plaintiff's Request No. 29. So for that reason, the motion for a new trial is granted, and an order may be entered accordingly.