## Groh v. Huckel

*Robert A. Cohen*, for plaintiff.
*Bliss Mentzer*, for defendant.

WEISS, J., April 1, 1964.—On November 21, 1961, plaintiff, Patricia A. Groh, was operating an automobile along California Avenue, and when her car reached the intersection of California and Marshall Avenues, North Side, Pittsburgh, Allegheny County, Pa., the traffic control signal was red and she brought her car to a stop. After she had brought her car to a stop, defendant, operating his car in the same direction as plaintiff's car had been traveling and behind plaintiff's

car, ran into the rear of plaintiff's "stopped" automobile, causing injuries to the wife-plaintiff and damage to her husband, which are the subjects of this action.

In about a month following the accident, December 28, 1961, plaintiff executed a release to defendants upon the payment of $90; *the release stating that it released the defendant from "Any and all claims for an automobile accident which occurred on or about the 24th day of November, 1961."* The release also contained the language *"that this release is intended to cover all actions, causes of action, claims, and demands for, upon, or by reason of any damage, loss or injury which may be traced either directly or indirectly to the aforesaid accident, as now appearing or as may appear at any time in the future, no matter how remotely they may be related to the aforesaid accident. And this release is executed with the full knowledge and understanding on our part that there may be more serious consequences, damages or injuries as the result of the accident aforementioned than now appear, and that more serious and permanent injuries, even to the extent of death, may result from the injuries sustained in the accident aforementioned."*

This release was signed by both plaintiffs and witnessed by a Marie Rossi.

The $90 draft was signed by both plaintiffs and contained the wording:

"This draft is issued in full settlement and satisfaction of any and all claims for an automobile accident which occurred on November 24, 1961." In later months, she suffered severe back pains which disclosed an acute lumbar disc herniation which, however, did not begin to produce symptoms until early in 1962.

Despite the apparent clear liability on the part of defendant in this instance, the release, by its express terms, denies and disputes liability and legal responsibility for the injuries sustained. The accident hap-

pened in November 1961; the case was settled in December 1961. The symptoms began to develop in January 1962. She was admitted to the hospital and was readmitted on October 14, 1962. A further decompression was performed on October 19, 1962, and an *"interbody fusion"* between the fourth and fifth lumbar vertebrae was attempted. A body cast was applied on October 25, 1962, and was not removed until December 12, 1962.

Plaintiffs engaged counsel and on July 8, 1963, suit was entered against defendant and service made upon him and he pleaded a "release" under new matter, and said release being executed on December 28, 1961. Counsel for defendant presented a motion for judgment on the pleadings which now comes for disposition before this court en banc.

### QUESTION INVOLVED

Do equity and justice require that the release executed by plaintiffs and defendant's insurance carrier on December 28, 1961, be set aside or reformed on the basis of mutual mistake?

### ARGUMENT

Defendant contends that the motion for judgment on the pleadings should be granted and cites the case of Moyer v. Independent Oil Co., 401 Pa. 335 (1960). In this case, the lower court entered judgment on the pleadings, and in the appeal taken before the Supreme Court at 401 Pa. 335, Mr. Chief Justice Bell said for the court at page 337:

"This appeal involved the applicability and the variability (by a prior letter) of a general release which provided, inter alia, that it 'contains the entire agreement between the parties.' Its specific, as well as its very broad language, clearly releases the additional defendant from 'any and all actions . . . claims . . . for damages . . . or any other thing whatsoever on

account of or in any way growing out of any and all known *and unknown personal injuries* and death and property damage resulting . . . from an occurrence or accident that happened on or about the 4th day of November, 1955, at or near Harrisburg, Pa.' " This was the accident which caused the injuries for which plaintiffs brought suit.

Further in his opinion, Justice Bell said: "Appellant could be successful only (a) if the aforesaid prior letter which flatly contradicts the release, can vary and change the clear and specific language of the release, or (b) if Killian v. Catanese, 375 Pa. 593, is overruled. No sound or convincing reason has been advanced to support appellant's contentions."

In this case at bar there is no question that there was a mutual mistake of fact between the parties when the release was signed within 34 days following the accident. Plaintiffs absolutely had no knowledge and no evidence or symptoms of the wife plaintiff suffering severe injuries until January, 1962, and excruciating pain in February, 1962. On March 1, 1962, a laminectomy was performed and a large herniated intervertebral disc was removed from the L4-L5 space on the left side and also from the central portion of the disc space. She has had continual hospitalization and may require further surgery. She continues to suffer from severe pain and other disabling symptoms. She requires continuing physiotherapy treatments. She is presently ambulatory, wearing a reinforced lumbar corset. Her pain and disability may well be permanent and her husband has been and may hereafter be required to spend large sums of money for further hospitalizations, surgery, nursing, drugs, and appliances.

The case of Clancy v. Pasenti, 15 Ill. App. 2d 171, 145 N. E. 2d 802, 71 A. L. R. 2d 77, is illustrative of the modern trend of cases following *reformation or re-*

*scission* of the release in a situation similar to that in the case at bar. In the Clancy case,

". . . defendant's adjuster negotiated a settlement with the plaintiff on basis of $100.00 for property damage and $50.00 for personal injuries, which at that time were thought to be of a minor nature, and obtained a release. Thereafter it appeared that plaintiff had suffered two herniated discs, a condition requiring two operations. Notwithstanding the release, action was brought in the Circuit Court for Cook County, Illinois, and the trial court rendered judgment for plaintiff voiding the release and awarding damages of $22,500.00. *The court held, under the circumstances as described, the release was properly set aside on the ground of mutual mistake and the award was not excessive.*"

The court in the Clancy case states as follows, 71 A. L. R. 2d 80, 81:

"Releases of claims for personal injury have frequently been held voidable for mistake, on the ground that the claimant was unaware of the nature and extent of his injury when he assented to a settlement. Sometimes advantage has been taken of his weakness and ignorance; and the possibility of this, even though not definitely proved, has made the courts readier to hold that the release was executed on a mistaken basic assumption as to the nature of the injury. The case for avoidance is stronger if the mistake was induced by untrue representations, either fraudulent or innocent, by the defendant, his doctors, or his claim agents; *but mistake may be sufficient even though not so induced.*" (Italics in original.)

"Defendant argues with emphasis that the words of the release express an unequivocal intention to include future as well as present claims. The same point was made in Graham v. Atchison, T. & S. F. Ry. Co., 9 Cir., 1949, 176 F. 2d 819, 825. The court held that

notwithstanding the broad general terms of the release, *mistake of fact on the part of the releasor, mutual mistake of fact, or fraud are recognized grounds for recission and in any one of these three situations the broad terms of the release do not stand in the way of recission.*" (Italics supplied.)

This court is inclined to follow the reasoning of Judge McKenna of this court in the case of Kerr v. May, 24 D. & C. 2d 97, which case closely parallels the case at bar. The facts in the Kerr case were closely analogous to the Groh v. Huckel case we must decide.

In that case, defendant's carrier was represented by the law firm of Weis and Weis. It was also a motion for judgment on the pleadings. Plaintiffs had executed a property damage release for $80.00 within a few days after the accident, and approximately four weeks thereafter, the wife plaintiff showed signs of injury.

Although in that case the release signed was solely a property damage release, the decision contains language recognizing that the cases turned on the distinction set forth in the release as to injuries known at the time of settlement or unknown at time of release. This coming before His Honor Judge McKenna, and his opinion, 24 D. & C. 2d 102, quotes the annotation at 117 A. L. R. 1022, 1025, as follows:

"Where the settlement is made and the release given with reference only to known injuries, and it subsequently develops that a substantial injury then existed which was unknown to the parties and not taken into consideration, the release may be avoided on the ground of mutual mistake. . . . The following Pennsylvania cases are cited in support of this legal principle: Shetina v. Pitsburgh Terminal Coal Corp., 119 Pa. Super. Ct. 425; Kilgore v. State Workmen's Insurance Fund, 127 Pa. Super. Ct. 213; Borzor v. Alan Wood Steel Co., 130 Pa. Super. Ct. 182."

Justice and equity require in this case as does the law of Pennsylvania that the parties obviously did not intend to trade life-long crippling injuries for $90 and since the Pennsylvania law permits rescission or reformation for *"mutual mistake"* this court en banc grants it and refuses the *motion for judgment on the pleadings*.

ORDER OF COURT

And now, to wit, April 1, 1964, after oral argument and consideration of briefs submitted, it is hereby ordered, adjudged and decreed that defendant's motion for judgment on the pleadings be and is hereby refused.