## Cox v. Sondova

*H. Joseph Hepford* and *Lee C. Swartz*, for plaintiff.

*Richard B. Wickersham* of *Metzger, Wickersham & Knauss*, for defendants.

*James K. Thomas, Hull, Leiby & Metzger*, for additional defendant.

SOHN, P. J., July 27, 1964.—We have before us in this case a motion for judgment on the pleadings filed by the additional defendant. The action arises as a result of a collision of a vehicle owned by plaintiff, in which plaintiff was a passenger, and which was being operated by the additional defendant, and a vehicle owned by C. K. Keller and Sons and operated by one Peter Sondova. The collision occurred on or about September 27, 1961, on U. S. Route 22, approximately 10 miles east of Harrisburg, Pennsylvania. Both vehicles are alleged to have been traveling in the same direction and plaintiff's vehicle is averred to have been commencing to make a left-hand turn at the time the accident occurred. Plaintiff contends that defendants' vehicle collided with the side of her vehicle as she was negotiating the turn. She claims that she suffered personal injuries and sustained damages to her vehicle as a result of the collision.

The action was instituted by plaintiff by filing a complaint in trespass against the original defendants.

In due course defendants filed an answer with new matter alleging that plaintiff was engaged in a common enterprise with the driver of the vehicle in which she was riding and that plaintiff owned and controlled the operation of that vehicle.

Subsequently, defendants filed a complaint against the additional defendant, bringing in the driver of plaintiff's vehicle as the additional defendant. The additional defendant then filed an answer with new matter, alleging that defendants had released the additional defendant from all claims in connection with the accident. Defendants did not reply or otherwise plead to the additional defendant's answer. The additional defendant filed a motion for judgment on the pleadings, averring that the release attached to the additional defendant's answer released all claims which defendants might have against the additional defendant, including the right to contribution or indemnity from the additional defendant. It is the additional defendant's motion for judgment on the pleadings which is now before us for decision.

The question involved here is whether defendants' release of all claims which they might have against the additional defendant includes the release of the right to contribution or indemnity and the right to join the additional defendant in the action.

The release executed by defendants and set forth under the heading of new matter in the additional defendant's answer provides in part as follows:

" 'READ CAREFULLY BEFORE SIGNING
GENERAL RELEASE

'KNOW ALL MEN BY THESE PRESENTS, That I/We C. Keller and Sons and Peter Sondova, individually, and as natural guardian of ourselves for the sole consideration of Two Hundred fifty six and 26/100 ($256.26) Dollars, lawful money of the United States,

to us in hand paid by Dorothy Cox and Ruth Crimmel, the receipt whereof is hereby acknowledged *have remised, released and forever discharged,* and by these presents do for our heirs, executors, administrators and assigns, remise, release and forever discharge the said Dorothy Cox and Ruth Crimmel and their heirs, executors and administrators, its successors and assigns, *of and from all claims, demands, damages, actions, causes of action, or suits at law or in equity of whatsoever kind or nature, for or because of any matter or thing done, omitted or suffered to be done by the said* Dorothy Cox and Ruth Crimmel prior to and including the date hereof, *and particularly on account of all injuries both to person or property resulting or to result, from an accident* which occurred on or about the 27th day of September, 1961, at or near ten miles east of Harrisburg, Pa.' (Emphasis added) "

It is the additional defendant's position that this release releases all claims of any kind or nature that defendants might have against the additional defendant, including the right of contribution or indemnity and the right to bring in the additional defendant as a party to this action.

There are a number of Pennsylvania cases construing releases, releases which are claimed to have released rights against an additional defendant. The most recent of these decisions is that of Rimpa v. Bell decided by the Supreme Court of Pennsylvania under date of January 21, 1964, and reported in 413 Pa. 274, 196 A. 2d 738 (1964). The question in that case was whether or not defendant had released the additional defendants from contribution or liabiilty over on the cause of action claimed by plaintiff. This question was raised by motion for judgment on the pleadings and the language of the release was substantially identical to the language involved in the case at bar as will be seen by comparison of the italic portions. The lower court

had entered judgment on the pleadings for the additional defendants. The Supreme Court quoted the release as follows at page 277 (413 Pa.) :

" 'Know All Men by These Presents, That I, Helen Motter, Administratrix of the Estate of Lawrence R. Motter, Deceased, for the sole consideration of Two Thousand Three Hundred Ten & 22/100 Dollars, to me in hand paid by The Emery Transportation Company, Midwest Transfer Company of Illinois and William Hull, the receipt whereof is hereby acknowledged, *have released and discharged* and by these presents, do for myself, my heirs, executors, administrators, successors and assigns release and forever discharge the Emery Transportation Company, Midwest Transfer Company of Illinois, and William Hull *of and from all claims, demands, damages, actions, causes of action, or suits at law or in equity, of whatsoever kind or nature for or because of any matter or thing done, omitted or suffered to be done by said* The Emery Transportation Company, Midwest Transfer Company of Illinois, and William Hull prior to and including the date hereof, and *particularly on account of all injuries both to person or property resulting, or to result, from an accident* which occurred on or about the 20th day of February, 1960, at Route 86, 6 miles north of Meadville, Pennsylvania.' " (Italics supplied.)

After referring to the provisions of the release, the Supreme Court experienced no difficulty in concluding that the release did release the additional defendant from all claims and stated, at page 277:

"We agree with the court below that the release is broad enough to encompass the cause of action sought to be asserted in appellant's additional defendant complaint. The matter is directly controlled by a line of cases which reached the same result, including *Killian v. Catanese*, 375 Pa. 593, 101 A. 2d 379 (1954) ; *Mayer v. Knopf*, 396 Pa. 312, 152 A. 2d 482 (1959) and *Moyer*

*v. Independent Oil Co., Inc.*, 401 Pa. 335, 164 A. 2d 552 (1960)."

Plaintiff has filed a brief in opposition to the additional defendant's motion for judgment on the pleadings. It is the contention of plaintiff that the release given by defendants to the additional defendant cannot affect in any way the claims of plaintiff against the additional defendant as a party, once the additional defendant is brought upon the record. In support of their argument they quote 28 P. L. Encyc. Parties, §18, p. 390; Brown v. Hertzler, 13 D. & C. 2d 50 (1958); 106 U. of Pa. L. Rev. 311 (1953). They allege that:

"Where there is a possibility that an additional defendant might be found to be a joint tort feasor the original defendant has the right to retain him as a party to the action even though both the plaintiff and the defendant had executed releases to him, since such a finding would lessen the liability of the original defendant."

They argue that plaintiff's right to retain the additional defendant is even stronger.

". . . an additional defendant, when joined as such, becomes immediately subject to the plaintiff's claim in every respect and with the same force and effect as if he had been originally named defendant . . ." Sheriff v. Eisele, 381 Pa. 33 (1955); 28 P. L. Encyc. Parties, §22, page 403; Pa. R. C. P. 2255 (d).

Plaintiff argues that inasmuch as the additional defendant becomes subject to plaintiff's claim in every respect, it must necessarily follow that plaintiff's consent must be obtained to release the additional defendant from the case unless plaintiff had previously executed a release of the additional defendant prior to joinder. In the case at bar no such release had been executed by plaintiff.

Sheriff v. Eisele, supra, has been ignored by the Supreme Court in the Rimpa case, supra, and the cases

therein cited. In none of these later cases is there any mention that plaintiff must join in the release given by defendant to the additional defendant in order to bar the additional defendant's motion for judgment on the pleadings. Indeed we cannot see any reason why plaintiff has a right to retain the additional defendant as a party once such a release was executed between the original defendant and the additional defendant. Plaintiff could have filed a suit originally against the additional defendant in this case, but for some reason did not see fit to do so. In Killian v. Catanese, supra, it is pointed out by the Supreme Court that the plaintiff was not a party to the release and the Supreme Court sustained the additional defendant's motion for judgment on the pleadings. In Hummel Furniture Co. v. Hummel Warehouse Co., Inc., 27 D. & C. 2d 285 (1961), President Judge Henninger, under date of June 27, 1961, filed his opinion sustaining a motion for judgment on the pleadings in favor of an additional defendant. He takes note of Killian v. Catanese, supra, and Moyer v. Independent Oil Company, Inc., supra, and, on page 291, points out:

"Plaintiff would not be prejudiced by a judgment on the pleadings in favor of additional defendant. It has not seen fit to sue additional defendant independently or jointly with defendant . . ."

In the case under consideration here plaintiff did not see fit to bring in the additional defendant but only brought suit against the original defendant.

Accordingly, we now enter the following

*Order*

And now, to wit July 27, 1964, additional defendant's motion for judgment on the pleadings is sustained and judgment is entered in favor of Ruth Marie Crimmel Searer, the additional defendant, and against Peter Sondova and C. K. Keller and Sons, original defendants.