Patrick G. MAHONEY, Guardian of the Estate of Michael A. Restifo, a minor

v.

Ellen A. McDONALD, Administrator of the Estate of William McDonald, deceased, Defendant and Third-Party Plaintiff,

v.

Eleanor RESTIFO, Third-Party Defendant.

Civ. A. No. 36826.

United States District Court
E. D. Pennsylvania.

Sept. 27, 1965.

William Bruno, Philadelphia, Pa., for plaintiff.

Michael A. Foley, Philadelphia, Pa., for defendant and third-party plaintiff.

Leonard S. Wissow, Wissow, Odza & Diamond, Philadelphia, Pa., for third-party defendant.

JOSEPH S. LORD, III, District Judge.

Eleanor Restifo, joined as a third party defendant, seeks summary judgment against the defendant. The case arises out of an automobile accident which occurred on August 20, 1963. The third party defendant was the driver of the one vehicle and defendant's decedent, William McDonald, was the driver of the other. On March 4, 1964 Restifo settled with McDonald and received from McDonald a written release as follows:

"KNOW ALL MEN BY THESE PRESENTS, that I, WILLIAM McDONALD, 6411 North 21st Street, Philadelphia, Pa., for the sole consideration of Four hundred Fifty and no/100 ($450.00) dollars to me

in hand paid by JOSEPH V. RESTIFO and ELEANOR RESTIFO, of 6600 Ardleigh Street, Philadelphia 19, Pa., the receipt whereof is hereby acknowledged, have released and discharged and by these presents, do for myself, my heirs, executors, administrators, successors and assigns release and forever discharge JOSEPH V. RESTIFO and ELEANOR RESTIFO of and from all claims, demands, damages, actions, causes of action, or suits at law or in equity, of whatsoever kind or nature for or because of any matter or thing done, omitted or suffered to be done by said JOSEPH V. RESTIFO and ELEANOR RESTIFO prior to and including the date hereof, and particularly on account of all injuries both to person or property resulting, or to result, from an accident which occurred on or about the 20th day of August, 1963 at or about 6:30 P.M. at or near the intersection of Briar Road and Washington Lane, Philadelphia, Pa.

"IN WITNESS WHEREOF, I have hereunto set my hand and seal this day of            1964.
"I have read the above
                March 4, 64
"s/William McDonald    (SEAL)
William McDonald

"SIGNED, SEALED AND DELIVERED in the presence of
s/Ellen McDonald
s/W. A. Vincent, Jr. "

A copy of this release was attached to Restifo's answer to the third party complaint, and on January 8, 1965 Restifo directed to defendant the following request for admission under F.R.Civ.P. 36:

"1. That the release dated March 4, 1964, signed by William McDonald in favor of Joseph V. Restifo and

Eleanor Restifo, for the consideration of $450.00, and witnessed by Ellen McDonald, exhibited herewith, is genuine, authentic, correct and was executed by the defendant's decedent."

Defendant's answer, filed on February 16, 1965, first admitted the genuineness of the release and signature, and then proceeded with non-responsive and self-serving statements to the effect that the release was only intended to cover property damage and was not intended to release third party claims. On September 14, 1965, six days before the argument and 116 days after the original answer under Rule 36, defendant filed a "Supplemental Answer", again totally unresponsive to the request, which for the first time came up with the statement that the release had been procured by fraud. It is not without significance that on March 23, 1965 the Pennsylvania Supreme Court decided Polley v. Atlantic Refining Co., 417 Pa. 549, 207 A.2d 900, which expressly invalidated as a defense to the release defendant's former assertion of February 16, 1965 that only property damage was contemplated.[1] Both the original answer and the "supplemental answer" were unsworn statements signed by defendant's attorney.

We need not consider whether the defendant's allegations in the answers to the request for admission would be sufficient to avoid the impact of the release. But cf. Polley, supra. F.R.Civ.P. 56(c) provides:

" * * * The adverse party prior to the day of hearing may serve opposing affidavits. The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. * * * "

Defendant has not seen fit to take advantage of the opportunity given by Rule 56 to file affidavits. Instead, he has chosen to rely on the non-responsive, somewhat inconsistent and unsworn statements in reply to the request for admission. Unsworn statements of counsel are totally insufficient to raise a genuine issue as to a material fact.

The release is admittedly genuine, either because counsel has admitted its authenticity in his reply to the request for admission or because of the failure to file a *sworn* denial as required by F.R.Civ. 36(a). On this record, it remains unexplained.

In Rimpa v. Bell, 413 Pa. 274, 196 A.2d 738 (1964), the release given by defendant to the additional defendant was couched in language identical to that of the release here. There, as here, the additional defendant moved for judgment on the pleadings. The court held, at page 277, 196 A.2d at page 739:

" * * * We agree with the court below that the release is broad enough to encompass the cause of action sought to be asserted in appellant's additional defendant complaint. * * * "

See also Killian v. Catanese, 375 Pa. 593, 101 A.2d 379 (1954); Polley v. Atlantic Refining Co., 417 Pa. 549, 207 A.2d 900 (1965).

Pennsylvania law clearly demands that the third party defendant's motion be granted.

---

1. The record in the case of Restifo et al. v. McDonald, Admr.C.P. No. 8, September Term 1964, No. 4712 shows that defendant there swore that the release was for "doctors' bills and lost wages of the said William McDonald", not for property damage.