**Maurice JACKSON, individually and trading and doing business as Pioneer Boiler Repair Co.**

**v.**

**RILEY STOKER CORPORATION.**

**Civ. A. No. 72–563.**

United States District Court,
E. D. Pennsylvania.

Dec. 6, 1972.

Miles Warner, Warner & McCormack, Philadelphia, Pa., for plaintiff.

Richard G. Schneider, Dechert, Price & Rhoades, Philadelphia, Pa., and Charles Donelan, Worcester, Mass., for defendant.

## MEMORANDUM

NEWCOMER, District Judge.

Presently before the Court is Defendant's Motion for Summary Judgment. The Plaintiff's complaint alleges certain claims arising out of certain contracts between the plaintiff and the defendant. When the defendant answered the complaint, it denied the claims and asserted as an affirmative defense, accord and satisfaction, and payment and release. Subsequent to the filing of the complaint, the defendant served upon plaintiff "Defendant's Request for Admission of Facts and Genuineness of Documents" pursuant to Rule 36 of the Federal Rules of Civil Procedure. The request asked the plaintiff to admit that a settlement meeting was held between the plaintiff and the defendant relative to the claims raised in plaintiff's complaint, and that as a result of the meeting, the plaintiff and the defendant executed a release in final settlement of plaintiff's claims against the defendant. The request further asked plaintiff to admit the genuineness and authenticity of the release, a copy of which was attached to the request, the original being in defendant's possession. Lastly, the request asked plaintiff to admit receipt of payment pursuant to the terms of the release and to admit the genuineness of the negotiable instrument received by the plaintiff therefor. The plaintiff, as of the date of this writing, has failed to respond in any way to the defendant's request.

Rule 36(a) of the Federal Rules of Civil Procedure provides that each matter of which an admission is requested shall be deemed admitted unless within thirty (30) days of service of the request, the party to whom the request is directed serves upon the party requesting the admission a written answer or objection. Thus, by its failure to respond, the plaintiff must be taken to have admitted each of the matters contained in Defendant's Request for Admissions and to have admitted that there is no dispute as to such facts and documents. John Mohr & Sons v. Apex Terminal Warehouses, Inc., 422 F.2d 638 (7th Cir. 1970).

Rule 56(c) of the Federal Rules of Civil Procedure provides that summary judgment shall be rendered forthwith if, among other documents, the "admis-

**122**

sions on file . . . show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."

According to both the cases and the commentators, "admissions obtained under Rule 36, including matters taken as admitted by failure to make timely responses to a request to admit, may form the basis for granting summary judgment." 6 Moore's Federal Practice, Par. 56.11[1–5] (1971 Supplement, p. 2147); O'Campo v. Hardisty, 262 F.2d 621 (9th Cir. 1968); In re Mack, 330 F.Supp. 737 (S.D.Tex.1970). See Villarosa v. Massachusetts Trustees of Eastern Gas & Fuel Associates, 39 F.R.D. 337 (E.D. Pa.1966), and Mahoney v. McDonald, 38 F.R.D. 161 (E.D.Pa.1965), where requests were deemed admitted because the responding party filed defective or unresponsive answers.

■ A defendant is entitled to Summary Judgment upon the basis of an affirmative defense, e. g. release, that does not involve a triable issue of fact. Undersea Engineering & Construction Co., Inc. v. International Telephone & Telegraph Corp., 429 F.2d 543 (9th Cir. 1970); Wagoner v. Mountain Savings & Loan Association, 311 F.2d 403 (10th Cir. 1962); Altman v. Curtiss-Wright Corp., 124 F.2d 177 (2nd Cir. 1941); Mahoney v. McDonald, supra.

■ Defendant, in its answer to the complaint, raised the affirmative defense of release on the basis of the release executed by the plaintiff and referred to in the defendant's request for admissions. Plaintiff has failed to respond to the defendant's request and is deemed to have admitted the matters requested with respect to the execution and scope

of the release. The release, the validity of which has not been challenged by the plaintiff, reads as follows:

In consideration of the above, Pioneer hereby agrees to release Riley Stoker Corp., from any and all claims, demands, actions, causes of actions of whatever nature and kind which Pioneer now has or ever has had or whichever hereafter shall have against Riley arising from the above contracts and purchase orders.

■ In Undersea Engineering & Construction Co., Inc. supra, the plaintiff executed a release in the following language: "ITTFL is released from any and all claims in connection with the subcontract. . . ." In its complaint against International Telephone and Telegraph, Undersea Engineering attempted to avoid the impact of the release by alleging that it had executed it only because of economic coercion on the part of ITT. The Court, finding no economic coercion, made this statement with respect to the release:

The releases are so unambiguous that it is not necessary for this court to resort to any extrinsic evidence in order to determine the scope of [this release]. On the face of the [release], therefore, Undersea has no legal basis for the suit it has filed. 429 F.2d at 549.

The release herein is no more ambiguous than the release which formed the basis for Defendant's Motion for Summary Judgment in *Undersea Engineering,* supra.

This Court is similarly disposed as was the Court in Undersea Engineering, and we will, accordingly, grant Defendant's Motion for Summary Judgment.