DAVID AND STEPHANIE CAMPBELL, Plaintiffs

v.

ROBERT L. and DEBORAH ROPER
and Does I and II, Defendants

Civil No. 951-79
Superior Court of Guam
March 12, 1980

- - - - -

WEEKS, Judge

## DECISION AND ORDER

This case came before the Court on plaintiff's motion for summary judgment, filed with supporting affidavit. No counter affidavit was filed by defendant.

Although defendant filed no counter affidavit, plaintiff will only have judgment on his motion if he shows the absence of a genuine issue as to any material fact. "Where the evidentiary matter in support of the motion does not establish the absence of a genuine issue, summary judgment must be denied even if no opposing evidentiary matter is presented" Adickes v. S.C. Kress and Co., 348 U.S. 144, 90 S.Ct. 1598, 1609 and 10 (1969) quoting the Advisory Committee Vote on the 1963 amendment to subdivision (3) of Rule 56.

". . . As the moving party, respondent had the burden of showing the absence of a genuine issue as to any material fact, and for these purpose the material it lodged must be viewed in the light most favorable to the opposing party." Adickes, Supra, at p.1608.

Plaintiff relies on the matters deemed admitted by defendant's failure to respond to a Rule 36 request and plaintiff Stephanie Campbell's affidavit. It is well settled that admissions obtained under Rule 36, including matter deemed to be admitted by a party's failure to respond to a request for admissions, can form the basis for granting summary judgment, Moosman v. Joseph P. Blitz, 358 F.2d 686 (2d Cir. 1966); Jackson v. Riley Stoker Corporation, 57 F.R.D. 120 (E.D. Pa. 1972); O'Campo v. Hardisty, 262 F.2d 621 (9th Cir. 1958); Vilarosa v. Massachusetts Trustees of Eastern Gas and Fuel Associates, 39 F.R.D. 337 (E.D. Pa. 1966); See also 6 Moore's Federal Practice §56.11(6).

However a comparison of the allegations of the complaint which asserts in paragraphs six and seven that defendants knew the plaintiffs to be the owners of the rings in issue, and paragraph two of the admissions of defendant Roper to the effect that defendant Roper knew that a person working at Andersen Air Force Base had lost the rings and sought them, shows that the vital fact of knowledge of plaintiffs' ownership has not been admitted by defendant Roper. Also it is clear that none of the damages is established by the admissions.

Thus the admissions cannot be deemed as having properly supported the motion.

Next, plaintiff Stephanie Campbell's affidavit must be considered to see whether it shows the absence of a genuine issue of fact for trial. ". . . Affidavits offered on a summary judgment motion are likely to be scrutinized carefully by the Court to evaluate their probative value and to determine whether they meet the standards prescribed by Rule 56(e) as to form and content..." 10 Wright and Miller, Federal Practice and Procedure §2722, p.484.

In paragraph four of her affidavit, plaintiff asserts that on or after August 31, 1979, defendant became aware that the rings had been lost by plaintiff. As noted, defendant's awareness of the ownership of the rings is material to this action, but plaintiff's statement as to the fact of such

126

knowledge is simply conclusory. ". . . Conclusory statements and statements not made on personal knowledge do not comply with Federal Rule of Civil Procedure 56(e) and therefore may not be considered." Union Ins. Soc. of Canton, Ltd v. William Gluckin and Co., CA 2d 1965, 353 P.2d 946, 952.

Further, the fact that the rings found by defendant are plaintiffs' has not been proven to the Court. This is also clearly a material fact in issue.

Before summary judgment can be granted it must be shown that the truth is quite clear to the Court, Sarton et al., v. Arkansas Nat. Gas Corp., 1944 64 S.Ct. 724 321 U.S. 620, 88 L. Ed. 967.

The truth as to who owns the rings defendant found and the truth as to whether or not, if the owner is plaintiff, defendant knew of it before disposing of them, is not clear to this Court.

Therefore the plaintiff's motion for summary judgment is denied.

IT IS SO ORDERED.